**Ex parte Samuel Fletcher JONES.**

**No. 38065.**

Court of Criminal Appeals of Texas.

April 7, 1965.

Rehearing Denied May 19, 1965.

———◆———

Gerald Weatherly, Fort Worth, for appellant.

Doug Crouch, Dist. Atty., Walter Shore and Jack W. Beach, Asst. Dist. Attys., Fort Worth, and Leon B. Douglas, State's Atty., Austin, for the State.

WOODLEY, Judge.

This is an appeal from an order entered after hearing in a habeas corpus proceeding remanding the appellant to custody to satisfy the judgment of conviction in Cause No. 10299 in County Criminal Court No. 2 of Tarrant County wherein he pleaded not guilty and was found guilty by a jury and assessed a fine of $500 and 2 years in jail for aggravated assault.

Appellant attacks this conviction and convictions on pleas of guilty before the court in Causes Nos. 10321 and 10322 in said court, with jail terms to run concurrent with the term assessed in Cause No. 10299.

Appellant's attack upon these convictions is predicated upon the contention that they are void because he did not "intelligently and competently waive his right to have counsel appointed for him, and he had such right."

We sustain appellant's attack upon the judgments of conviction but not upon the ground stated.

The record discloses, by stipulation between the Criminal District Attorney and the appellant and his counsel, that when his cases were called he pleaded not guilty before the court; that appellant stated that he desired to waive a jury but the state requested a jury and a jury trial was had in Cause No. 10299 which resulted in the judgment of conviction with punishment assessed at 2 years in jail and a fine of $500.

The stipulation further reveals that subsequent to the trial in Cause No. 10299 appellant stated that he surely did not want another jury trial, and he pleaded guilty in Causes Nos. 10321 and 10322 under agreement that the district attorney would recommend jail terms to run concurrent with the term assessed by the jury in Cause No. 10299.

The defendant in a misdemeanor case has the right to waive a jury whether he pleads guilty or not guilty. Such right cannot be legally defeated by the action of counsel for the state in demanding a jury trial. Art. 11 Vernon's Ann.C.C.P.; Otto v. State, Tex.Cr.App., 87 S.W. 698; Grady v. State, 117 Tex.Cr.R. 115, 35 S.W.2d 158; Moore v. State, 22 Tex.App. 117, 2 S.W. 634; White v. State, 154 Tex.Cr.R. 498, 228 S.W.2d 183; 1 Branch's Ann.P.C. 2d Sec. 545, 35 Tex.Jur.2d 50, Sec. 12.

We conclude that the judgments of conviction are void.

The judgment of the trial court remanding appellant to custody is reversed and appellant is ordered discharged from further confinement to satisfy the said judgments without prejudice to the right of the state to prosecute upon the charges against him in said Causes Nos. 10299, 10321 and 10322.