**Jack David MEEK, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 859–92.**

Court of Criminal Appeals of Texas, En Banc.

April 7, 1993.

James M. Leitner, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty. and Karen A. Clark and Tracey Tirey, Asst. Dist. Attys., Houston, Robert Huttash, State's Atty., Austin, for the State.

## OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

MALONEY, Judge.

Appellant was convicted of felony theft; the court assessed punishment at one year in jail pursuant to TEX.PENAL CODE ANN. § 12.44(a), and probated the sentence. The conviction was affirmed in an unpublished opinion. *Meek v. State,* No. 01–90–01165–CR, 1992 WL 76431 (Tex.App.—Houston

[1st Dist.] April 16, 1992). We granted appellant's petition to determine whether appellant established that a written waiver of jury was not filed prior to the bench trial and, if so, whether the failure to execute such a written waiver on a plea of not guilty rendered the conviction a nullity.[1]

Appellant was tried before the court without a jury on a plea of not guilty. Appellate counsel was appointed after a pro se notice of appeal was filed. Counsel noticed that a jury waiver was not in the record although the judgment stated a jury had been waived and that appellant had pled guilty.[2] Counsel then filed a motion to remand the case under TEX.R.APP.P. 55 to allow the record to correctly show what happened. The Court of Appeals granted the motion, and the trial court conducted a hearing and entered findings of fact and conclusions of law.

At the hearing it was stipulated that nothing in the trial records, other than the face of the judgment, affirmatively demonstrated that a jury waiver had been filed, that the judgment was nunc pro tunc for one which had indicated appellant had been prosecuted for a misdemeanor under § 12.-44(b), when in fact he had been prosecuted for a felony but punished for a misdemeanor under § 12.44(a). The court made the following findings of fact on the issue of the jury waiver:

5. ... The judgment recites that the defendant did [waive a trial by jury in accordance with article 1.13]....

6. The clerk's file does not contain a written waiver of trial by jury, executed as required by TEX.CODE CRIM.PROC. art. 1.13....

7. The prosecutor who tried the defendant testified at the hearing that she signed the jury waiver form normally used in this court but could not say whether the defendant and his counsel signed it or whether it was filed with the clerk.

8. ... The court has no independent recollection of how the jury waiver document was handled in this particular case.

9. The defendant testified at the hearing that he did not sign the jury waiver document....

The trial court further found that appellant testified that he did not recall being admonished as to his right to a jury trial, that he was aware of his right to a trial by jury, that he was aware that he was tried without a jury, and that he admitted that he did not at trial object to the absence of a jury or indicate on the day of trial that he wanted a jury trial. Among its conclusions of law, the trial court found that:

2. The record does not establish all of the necessary steps for a valid waiver of jury trial under Article 1.13, in that it fails to show that the waiver document was filed as required.

The Court of Appeals, relying primarily on Breazeale v. State, 683 S.W.2d 446 (Tex. Crim.App.1984) (opinion on rehearing), held that in light of the facts that appellant had not objected to the judgment that was entered, had made no issue in the trial court over whether a formal jury waiver had been filed, and had not requested in his designation of the record that a formal written waiver be included, appellant had failed to overcome the presumption that the recitations in the judgment were correct. We will reverse.

In Breazeale, the judgments [3] recited that the defendants had in writing in open court waived their right to a trial by jury and that no issue was raised in the trial courts as to whether there was a valid written waiver. The records on direct ap-

---

1. In his sole ground for review appellant claimed the Court of Appeals had decided an important issue of law in conflict with this court's decision in Breazeale v. State, 683 S.W.2d 446 (Tex.Crim.App.1984), with a court of appeals' opinion, with the sixth and fourteenth amendments to the United States Constitution, article 1, section 10 and 15 of the Texas Constitution and article 1.13 of the Code of Criminal Procedure.

2. With respect to the jury waiver, the nunc pro tunc judgment actually stated that "[t]he Defendant knowingly, intelligently, voluntarily and expressly waived trial by jury."

3. Breazeale involved the consolidation of two petitions for discretionary review filed by two different individuals.

peal were "silent on whether the appellants formally waived their right to jury trial." *Breazeale*, 683 S.W.2d at 449. We held that the absence of a written jury waiver from the record on direct appeal did not overcome the presumption of regularity and truthfulness of the judgment where there was not an objection to the accuracy of the judgment, and there was no affirmative showing in the record that a written jury waiver was not executed by the defendant. *Id.* at 450–51. *Breazeale* is distinguishable from the instant case and is not controlling. In the instant cause, appellant effectively objected to the accuracy of the judgment by his request for a remand pursuant to TEX.R.APP.P. 55,[4] and obtained a hearing on the issue of the written jury waiver where the record was developed and evidence was admitted disputing the judgment's statements that a waiver was signed by appellant.

In contrast to the judgment's recital that appellant waived his right to a trial by jury in compliance with article 1.13, the trial court's findings of fact state that a written waiver as required by article 1.13 was not included in the file, that neither the prosecutor nor the court recalled whether appellant had signed the waiver and that appellant denied signing any such waiver. We conclude that these findings of fact are sufficient to overcome the presumption that the recitations in the judgment were correct.

 The issue now is whether a violation of article 1.13's requirement that a defendant sign and file a jury waiver calls for reversal.

Article 1, Section 10 of the Texas Constitution, *Rights of accused in criminal prosecutions*, provides, in relevant part that "[i]n all criminal prosecutions the accused shall have a speedy public trial by an impartial jury". Article 1, Section 15 of the Texas Constitution, *Right of trial by jury*, provides in relevant part that:

The right to a trial by jury shall remain inviolate. The Legislature shall pass such laws as may be needed to regulate the same, and to maintain its purity and efficiency.

At the time of appellant's trial article 1.13 of the Texas Code of Criminal Procedure provided in relevant part that:

The defendant in a criminal prosecution for any offense classified as a felony less than capital shall have the right, upon entering a plea, to waive the right of trial by jury, conditioned, however, that *such waiver must be made in person by the defendant in writing in open court with the consent and approval of the court, and the attorney representing the State.*

TEX.CODE CRIM.PROC.ANN. art. 1.13 (Vernon 1990).

The question arises whether the violation of the jury waiver requirements of article 1.13 calls for reversal or whether such violation is subject to a harmless error analysis. We recently addressed the applicability of a Rule 81(b)(2) harm analysis to violations of statutes imposing express waivers in order for a right to be forfeited:

The harmless error rule in general, and Rule 81(b)(2) in particular, was not designed for the hypothetical retrial of defective criminal litigation in the appellate courts. Speculation about the possible effect of ignoring prophylactic procedural rules, let alone disregarding essential features of the adversary process, is always a perverse and inappropriate application of the harmless error doctrine. Indeed, it is precisely because many of these rules define, in the aggregate, what is a tolerably fair trial under our system of criminal justice that their disregard must necessarily undermine confidence in the outcome of trial.... For this reason, *the harmless error doctrine is broadly consistent with a rule-gov-*

---

4. The Court of Appeals' conclusion that "Appellant made no objection to the judgment that was entered and filed in his cause" is unfounded in light of appellant's "MOTION TO AMEND THE RECORD SO THAT IT SPEAKS THE TRUTH". Appellant's motion pointed out that although the trial court's judgment reflected that appellant waived his right to a jury trial, the record was silent on that issue and appellant sought a remand for a hearing to further investigate this and other potential discrepancies in order to "have the judgment speak the truth."

*erned system of adjudication only when it does not threaten to undermine the very precepts which distinctly specify the fair operation of that system. These precepts include not only rules of due process and due course of law, by prophylactic rules of procedure designed, in most cases by the Legislature, to impose a uniform requirement where the fairness of a flexible rule is too uncertain.*

*Marin v. State,* 851 S.W.2d 275, 281 (Tex. Crim.App.1993) (emphasis added).[5]

In light of the "inviolate" nature of a defendant's right to a trial by jury and in view of the fact that legislative regulations of that right, including article 1.13's requirement that a felony defendant execute a jury waiver in writing and in open court, are imposed only to ensure that such right maintains its "purity and efficiency", we conclude that application of a harmless error analysis in the instant context is "perverse and inappropriate".[6] Accordingly, the judgment of the Court of Appeals is reversed and this cause is remanded to the trial court.

McCORMICK, P.J., and CAMPBELL, J., dissent.

---

**5.** In *Marin* we recognized the existence of three categories of rights—(1) absolute requirements and prohibitions (unwaivable rights); (2) rights which must be implemented unless expressly waived and (3) rights which are implemented upon request. *Marin,* at 279–280. We characterized the right to a trial by jury as one that is of the second type, that is, expressly waivable only. *Id.* at 278.

**6.** We note that our opinion here turns upon the fact that there was evidence that appellant did

not sign the jury waiver as required by article 1.13. We do not intend that this opinion necessarily extends to violations of other requirements of article 1.13, such as the failure of the State to give its written consent to such a waiver. *See Ex parte Collier,* 614 S.W.2d 429 (Tex. Crim.App.1981) (written jury waiver signed by the defendant but not signed by the State did not call for reversal where the record showed that the State agreed to the waiver).