**Gary A. JOSEY, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. B14–92–00701–CR.**

Court of Appeals of Texas, Houston (14th Dist.).

July 15, 1993.

Keith Hampton, Houston, for appellant.

Rikke Graber, Houston, for appellee.

Before MURPHY, SEARS and DRAUGHN, JJ.

## OPINION

SEARS, Justice.

█ Appellant was convicted by the Court of driving while intoxicated. Punishment was assessed at one hundred and eighty days in the Harris County jail, probated for two years, and a two hundred and fifty dollar fine. Appellant maintains that the trial court's violation of the jury waiver requirements of Article 1.13 mandates a reversal. We agree, and reverse the trial court's judgment.

TEX.CODE CRIM.PROC.ANN. art. 1.13(a) (Vernon Supp.1993) provides that:

> the defendant in a criminal prosecution for *any offense* other than a capital felony case in which the State notifies the court and the defendant that it will seek the death penalty shall have the right, upon entering a plea, to waive the right of trial by jury, *conditioned, however,* that such waiver must be made in person by the defendant *in writing* in open court with the consent and approval of the court, and the attorney representing the State. (emphasis added).

█ Article 1.13 applies to all misdemeanor cases.[1] *State ex. rel. Curry v. Carr,* 847 S.W.2d 561 (Tex.Crim.App.1993). It is undisputed that no jury waiver was executed in this case. Appellant's mere acquiescence to participate in a trial without a jury does not constitute a waiver. *Samudio v. State,* 635 S.W.2d 183, 185 (Tex.App.—Houston [1st Dist.] 1982), *aff'd,* 648 S.W.2d 312 (Tex.Crim.App), *cert. denied,* 462 U.S. 1132, 103 S.Ct. 3113, 77 L.Ed.2d 1368 (1983). The only issue on appeal is whether the violation of article 1.13's requirements calls for reversal. In light of *Meek v. State,* 851 S.W.2d 868 (Tex.Crim.App.1993), we hold that it does.

In *Meek,* the Court of Criminal Appeals squarely addressed the issue of whether "the violation of the jury waiver requirements of article 1.13 calls for reversal or whether such violation is subject to a harmless error analysis." *Meek* at 870. The Court concluded that the application of the harmless error doctrine in such a context is "perverse and inappropriate." *Meek* at 871. It held that a defendant's failure to sign a waiver of his right to trial by jury mandated a reversal. In accordance with *Meek v. State,* 851 S.W.2d 868 (Tex.Crim. App.1993), we hold that because no jury waiver was executed by the defendant as required by article 1.13, the judgment must be reversed and the cause remanded to the trial court. We sustain Appellant's first point of error. Having sustained Appellant's first point, we find it unnecessary to address his second contention concerning the trial court's failure to execute a written consent and approval of Appellant's waiver.

The judgment of the trial court is reversed and remanded.

---

1. Except those offenses where the accused is subject to punishment by fine only. Such offenses are governed by Chapter 45 of the Code of Criminal Procedure. Article 45.24 provides that the accused may waive a trial by jury; and in such a case, the justice shall hear and determine the cause without a jury.