**Mohamed CHAOUACHI, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 04–93–00011–CR.**

Court of Appeals of Texas,
San Antonio.

Dec. 15, 1993.

---

Patrick Barry Montgomery, San Antonio, for appellant.

Steven C. Hilbig, Crim. Dist. Atty. and Angela Moore, Asst. Crim. Dist. Atty., San Antonio, for appellee.

Before BIERY and RICKHOFF, JJ., and JOHN F. ONION, Jr., Assigned Justice.

## OPINION

JOHN F. ONION, Jr., Justice [1].

This appeal arises out of a conviction for terroristic threats, a class B misdemeanor, in a bench trial. Appellant's punishment was

**1.** Assigned to this case by the Chief Justice of the Supreme Court of Texas pursuant to Tex.Gov't Code Ann. § 74.003(b) (Vernon 1988).

assessed by the trial court at six months in the county jail and a fine of one thousand dollars.

Appellant urges two points of error. First, appellant contends that in this misdemeanor case, the "trial court erred in proceeding to a non-jury trial without first securing a written waiver of trial by jury as required by Texas Code of Criminal Procedure, article 1.13." *See* TEX.CODE CRIM.PROC. art. 1.13 (Vernon Supp.1993). Second, appellant argues that the "trial court erred in allowing and considering inadmissible and prejudicial testimony into evidence regarding prior unadjudicated bad acts and regarding appellant's national heritage."

The statement of facts reveals that prior to appellant's plea of not guilty to the information, he orally waived his right to trial by jury in open court while accompanied by his counsel. The prosecutor consented to the waiver, and the trial court permitted the bench trial to proceed. The judgment reflects the waiver, the consent of the prosecutor and the approval of the court. There is, however, no written waiver of trial by jury in the record.

Article 1.13 provides that:

(a) The defendant in a criminal prosecution *for any offense* other than a capital felony case in which the State notifies the court and the defendant that it will seek the death penalty shall have the right, upon entering a plea, to waive the right of trial by jury, *conditioned, however, that such waiver must be made in person by the defendant in writing* in open court with the consent and approval of the court, and the attorney representing the State. The consent and approval by the court shall be entered of record on the minutes of the court, and the consent and approval of the attorney representing the State shall be in writing, signed by him, and filed in the papers of the cause before the defendant enters his plea.

(b) In a capital felony case, in which the attorney representing the State notifies the court, and the defendant that it will not seek the death penalty, the defendant may waive the right to trial by jury but only if the attorney representing the State, in writing and in open court, consents to the waiver.

(c) *Before a defendant who has no attorney can agree to waive the jury, the court must appoint an attorney to represent him.*

(Emphasis added).

Appellant acknowledges that there was an oral waiver of trial by jury in his misdemeanor case but no written waiver as required by the mandatory provisions of article 1.13(a), whose 1991 amendment had been in effect since September 1, 1991, some fifteen months before appellant's trial on December 16, 1992. Appellant relies upon *State ex rel. Curry v. Carr*, 847 S.W.2d 561, 562 (Tex. Crim.App.1992). Can it be said that the Legislature, by substituting "any offense" for the phrase "any offense classified as a felony less than capital," intended to radically change the method of waiving jury trials in misdemeanor cases and requiring the appointment of counsel prior to such waiver if the defendant is without counsel? An examination of our prior law is a factor in any statutory construction analysis.

■■■ The Fourteenth Amendment to the United States Constitution guarantees a right to trial by jury in all criminal cases that, were they to be tried in a federal court, would come within Sixth Amendment's guarantees. *Duncan v. Louisiana*, 391 U.S. 145, 149, 88 S.Ct. 1444, 1447, 20 L.Ed.2d 491 (1968). The Fourteenth Amendment does not apply to petty offenses. *Id.* The provision in the Texas Constitution guaranteeing the right to trial by jury (article I, § 10) applies to all criminal prosecutions, and consequently the accused in a misdemeanor case has the same right of trial by jury as in felony cases. *Franklin v. State*, 576 S.W.2d 621, 623 (Tex.Crim.App.1978); *see also* TEX. CONST. art. I, § 15; TEX.CODE CRIM.PROC. ANN., arts. 1.05 & 1.12 (Vernon 1977).

■ There is no constitutional provision, federal or state, that prohibits an accused from knowingly and intelligently waiving his right to trial by jury in a felony or misdemeanor case in Texas. *Bullard v. State*, 548 S.W.2d 13, 20 (Tex.Crim.App.1977); *Ex parte Ross*, 522 S.W.2d 214, 222 (Tex.Crim.App.),

*cert. denied,* 423 U.S. 1018, 96 S.Ct. 454, 46 L.Ed.2d 390 (1975); *Ex parte Jones,* 389 S.W.2d 670, 671 (Tex.Crim.App.1965); *see generally* 21 Tex.Jur.3d *Criminal Law* § 1488 at 130 n. 3 (1982).

The waiver of trial by jury in felony and misdemeanor cases in Texas has followed different paths with regard to whether the jury trial waiver was required to be in writing. This was generally a matter of legislative fiat.

In *Ross,* 522 S.W.2d at 223, it was pointed out that:

> Article 23 of the 1879 Code of Criminal Procedure followed the common law rule and provided that the accused in a criminal prosecution for any offense could waive any right secured to him by law *except* the right of trial by jury in a felony case. The statute was reenacted as Article 22 in the 1911 Code of Criminal Procedure, and as Article 11 in the 1925 Code of Criminal Procedure.

(Emphasis in original).

In 1931, Article 11 of the 1925 Texas Code of Criminal Procedure was amended to provide that an accused could waive all rights "except the right of a trial by a Jury in a felony case *when he enters a plea of not guilty.*" Act of April 9, 1931, (S.B. 53) 42nd Leg., R.S., ch. 43, § 2, 1931 Tex.Gen.Laws 65 (emphasis added). Article 10a was added at the same time to the 1925 Texas Code of Criminal Procedure. It provided that in any felony offense less than capital the accused had the right upon entering a plea of guilty to waive trial by jury. The waiver was to be made by the defendant personally in open court with the consent and approval of the trial court and the prosecutor. The defendant's waiver of trial by jury was not required to be in writing, but the consent and approval of the State's attorney had to be in writing and filed among the papers of the cause, and the trial court's consent and approval was required to be entered in the "Minutes of the Court." Act of April 9, 1931,

42nd Leg., R.S., ch. 43, § 1[2], 1931 Tex.Gen. Laws 65.

In the 1965 Code of Criminal Procedure, Article 10a was replaced by Article 1.13 which required the jury trial waiver by the defendant to be in writing. The statute also permitted such waivers regardless of the plea in a felony less than capital case. Act of May 27, 1965, 59th Leg., R.S. ch. 722, 1965 Tex. Gen.Laws, Vol. 2 at 317, 321. The 1991 amendment to Article 1.13 under discussion followed.

■ With regard to the requirement of a written jury waiver in felony cases, it must be remembered that the denial of the right of an accused in a criminal case to waive a jury trial and submit his trial to the court rests upon a statutory declaration and not on any provision of the constitution. *McMillan v. State,* 122 Tex.Crim. 583, 57 S.W.2d 125, 125 (1933). Although an accused has a constitutional right to trial by jury, the State has no corresponding constitutional right. It is only through enactments of the state legislature that the requirement arose that the prosecutor consent to the written waiver of trial by jury in a felony case. *Dunbar v. State,* 761 S.W.2d 133, 135 (Tex.App.—Fort Worth 1988, no pet.), citing *State ex rel. Turner v. McDonald,* 676 S.W.2d 371, 373 (Tex.Crim. App.1984). *Shaffer v. State,* 769 S.W.2d 943, 944 (Tex.Crim.App.1989) held that "a defendant's right to waive a jury [in a felony case] is predicated, *inter alia* on the State's consent to the waiver, and, in order to protect the State's veto right, such consent must be in writing."

■ The right of a defendant to waive trial by jury in a misdemeanor case has long been recognized in this state. *McMillan,* 57 S.W.2d at 125; *see also Dillon v. State,* 165 Tex.Crim. 217, 305 S.W.2d 956, 957 (1957); *Armstrong v. State,* 98 Tex.Crim. 335, 265 S.W. 701, 702 (1924); *Wagner v. State,* 87 Tex.Crim. 47, 219 S.W. 471, 472 (1920); *Johnson v. State,* 39 Tex.Crim. 625, 48 S.W. 70, 71 (1898). It has been said that a defendant in a misdemeanor case has the right to

---

**2.** "[I]t was an alien notion in both the days of the Republic and the early days of statehood that a citizen be convicted of a felony other than by verdict of a jury, there being no procedural method whatever for waiver of jury in the trial of a felony until 1931." *Fairfield v. State,* 610 S.W.2d 771, 775–76 (Tex.Crim.App.1987).

waive a jury whether he pleads guilty or not guilty. Such right cannot be legally defeated by the action of counsel for the state in demanding a jury trial. *Jones,* 389 S.W.2d at 671; *White v. State,* 154 Tex.Crim. 497, 228 S.W.2d 183, 185 (1950); 21 Tex.Jur.3d *Criminal Law* § 1488 at 130 (1982). There is no provision in the Code of Criminal Procedure requiring that the defendant's waiver of trial by jury in a misdemeanor case be in writing. *Lamb v. State,* 409 S.W.2d 418, 420 (Tex. Crim.App.1966); *Nelson v. State,* 827 S.W.2d 52, 54 (Tex.App.—Houston [1st Dist.] 1992, no pet.). The waiver of a jury trial in a misdemeanor proceeding has normally required *only* a showing in the record of an intentional relinquishment or abandonment of a known right or privilege with *no* requirement that the court and the prosecutor consent to the waiver of a jury trial. *Samudio v. State,* 648 S.W.2d 312, 314 (Tex.Crim.App. 1983), *cert. denied,* 462 U.S. 1132, 103 S.Ct. 3113, 77 L.Ed.2d 1368 (1983). In the past, it has been held that Article 1.13 is not applicable to misdemeanor cases. *See Brinson v. State,* 570 S.W.2d 937, 940 n. 6 (Tex.Crim. App.1978); *Ross,* 522 S.W.2d at 223; *Bruce v. State,* 419 S.W.2d 646, 647 (Tex.Crim.App. 1967); *State v. Welch,* 810 S.W.2d 13, 16 (Tex.App.—Amarillo 1991, no pet) (refusing to apply article 1.13 to a misdemeanor case because the statute by its very terms has no applicability); *Schultze v. State,* 626 S.W.2d 89 (Tex.App.—Corpus Christi 1981, pet ref'd).

The right to waive trial by jury in misdemeanor cases is based on caselaw and the statutes, particularly article 1.14. *See* TEX. CODE CRIM.PROC.ANN. art 1.14 (Vernon Supp. 1993) (waiver of rights) and its forenumbers; *see also* TEX.CODE CRIM.PROC.ANN. art. 27.14 (Vernon 1989)[3]; TEX.CRIM.PROC.ANN. art. 45.24 (Vernon 1979) (waiver of jury trial in justice of the peace courts and municipal courts).

It has been said that the Legislature's distinction between procedure for waiver of trial by jury in felony and misdemeanor cases is neither unreasonable or arbitrary. *Ross,* 522 S.W.2d at 223.

Another layer, however, must be added to this scenario. Before 1973, capital felony defendants could waive in writing the right to trial by jury if the State was not seeking the death penalty.[4] However, a 1973 amendment to article 1.14 of the Texas Code of Criminal Procedure eliminated this right. Act of May 28, 1973, 63d Leg.R.S., ch. 426, art. 3, § 5, 1973 Tex.Gen.Laws 1122, 1127; *see also Ex parte Felton,* 815 S.W.2d 733, 734 n. 1 (Tex. Crim.App.1991); *Ex parte McKinney,* 688 S.W.2d 559, 560 (Tex.Crim.App.1985); *Ex parte Bailey,* 626 S.W.2d 741, 742 (Tex.Crim. App.1981). The 1973 amendment provided that a "defendant in a criminal prosecution for any offense may waive any rights secured him by law except the right of trial by jury in a capital felony case." The amendment was enacted in 1973 as part of new statutory capital murder scheme following the decision of *Furman v. Georgia,* 408 U.S. 238, 92 S.Ct. 2726, 33 L.Ed.2d 346 (1972). *See* TEX.PENAL CODE ANN. §§ 12.31 (Vernon Supp.1993) and 19.03 (Vernon 1974 & Supp.1993); TEX.CODE CRIM.PROC.ANN. arts. 1.14 and 37.071 (Vernon Supp.1993).

After the 1973 amendment to article 1.14, a defendant in a capital felony case could not waive the right to a jury trial unless the State reduced the capital murder charge to the lesser included offense of murder, *Ex parte McClelland,* 588 S.W.2d 957, 959 (Tex. Crim.App.1979); or dismissed the capital murder indictment and proceeded on a new indictment or information for a lesser included offense. *Bailey,* 626 S.W.2d at 743 n. 3.

Article 1.13 and 1.14 were both amended in 1991. Act of May 27, 1991 (H.B.9), 72nd Leg.R.S., ch. 652, 1991 Tex.Gen.Laws 2394.

---

**3.** Article 27.14(a) pertains to the entry of a plea of guilty or nolo contendere to a misdemeanor offense and the waiver by the defendant or his counsel of a trial by jury. Article 27.14(b) relates to the entry by mail of a plea of guilty or nolo contendere in a misdemeanor case where the possible punishment is by a fine only.

**4.** This was true from January 1, 1966 (effective date of 1965 Tex.Code of Criminal Procedure) until June 14, 1973 by virtue of the provisions of article 1.14. Act of May 27, 1965, Acts 1965, 59th Leg.R.S., ch. 722, 1965 Tex.Gen.Laws 317, 321 which was amended by Act of May 27, 1967, Acts 1967, 60th Leg.R.S., ch. 659, § 1, 1967 Tex.Gen.Laws 1732, 1733.

The 1991 amendment to article 1.14 restored the language that was removed in 1973 to allow a capital felony defendant to waive his right to a jury trial if the State is not seeking the death penalty. The Legislature's apparent objective in amending articles 1.13 and 1.14 in 1991 was to provide for waiver of a jury trial in a capital murder case in which the State is not seeking the death penalty without requiring the State to proceed on a lessor included offense. The caption of H.B. 9 evidences this intent.

The caption to H.B. 9 reads: "[a]n act relating to the waiver of jury trial for a person charged with a capital offense and to the punishment, sentencing and availability of parole for a person convicted of a capital offense." *Id.*

An examination of H.B. 9 shows thirteen amendments to the Penal Code and Code of Criminal Procedure, all concerning capital felony prosecutions. Section 15(a) of H.B. 9 states that the amendments to articles 1.13 and 1.14 apply "to the trial of a capital offense that commences on or after the effective date of the act."

 When construing a statute, a court may consider the objective sought to be attained by the statute; the circumstances under which the statute was enacted; legislative history; common law or former statutory provisions; consequences of a particular construction; administrative construction of the statute; and the title (caption), preamble and emergency. TEX.GOV'T CODE ANN. § 311.023 (Vernon 1988). These factors may be considered regardless of whether a statute appears ambiguous on its face. *Id.* Following these guidelines of statutory construction, we do not believe that it was the legislative intent by virtue of the 1991 amendment to article 1.13(a) to generally require for the first time in Texas written waivers of jury trials in misdemeanor cases. *See id.* Nothing in the legislative history of H.B. 9 indicates such a radical change. There is no indication that the Legislature intended to amend or repeal articles 27.14 and 45.24 of

the Texas Code of Criminal Procedure. Can it be said that the legislature intended that in "any offense" the trial court would be required to appoint counsel at governmental expense for a defendant, indigent or not, before that defendant could waive trial by jury? That is exactly what article 1.13(c) would require if the "any offense" phrase in article 1.13(a) is given its plain meaning. Did the legislature intend the appointment of such counsel when the defendant in a misdemeanor case punishable by fine only pleads "guilty" or "nolo contendere" by mail? *See* TEX.CODE CRIM.PROC.ANN. art. 27.14(b) (Vernon 1989). There is an exception to the *plain* meaning rule of statutory construction. Where the application of a statute's plain language would lead to absurd consequences that the legislature could not possibly have intended, the language should not be applied literally. *Faulk v. State*, 608 S.W.2d 625, 630 (Tex.Crim.App.1980). The exception, in our opinion, should apply here.

However, the Court of Criminal Appeals has recently held that the 1991 amendment to article 1.13(a) applies to misdemeanor offenses. *Carr*, 847 S.W.2d at 562.[5] The Court adhered to its position despite a sharp dissenting opinion to the denial of respondent's motion for rehearing which reviewed the legislative history of H.B. 9 and the rules of statutory construction. *Carr* has now been followed in *Josey v. State*, 857 S.W.2d 815, 816 (Tex.App.—Houston [14th Dist.] 1993, no pet.).

In accordance with the *Carr* opinion, we are required to consider appellant's first point of error.

There is no written waiver of trial by jury in this appellate record. The clerk of the trial court is required to include "any written waivers" in the transcript on appeal. TEX.R.APP.P. 51(a). The burden is on the appellant, however, to see that a sufficient record is presented to show error requiring reversal. TEX.R.APP.P. 50(d). In oral argument before this Court, the State candidly admitted that its search of the trial court's records

---

**5.** *Carr* involved a mandamus action against a County Court at Law Judge who accepted a defendant's waiver of trial by jury in a misdemeanor driving while intoxicated and set the case on a non-jury docket. The State refused to consent to the jury waiver and relied upon the 1991 amendment to article 1.13(a).

revealed no written jury waiver. Appellant's counsel, also his trial counsel, stated that no written waiver was filed as no one was aware that a written waiver was required by article 1.13(a) in misdemeanor cases. The trial court clerk has now certified, per order of this Court, that a search of the trial court's records revealed no written waiver of trial by jury. The record sufficiently reflects that no written waiver exists.

Relying on *Breazeale v. State*, 683 S.W.2d 446, 450 (Tex.Crim.App.1984) (Op. on rehearing), the state argues that the judgment recital is presumed to be correct. We agree with this proposition of law. The judgment recital in the instant case states in part that the "defendant, in open court, waived a trial by jury, with consent of the District Attorney; said waiver was approved by the Court." Prior to the 1991 amendment to article 1.13(a), this recitation in a misdemeanor case judgment affirmatively showing that the defendant had waived his right to trial by jury would have been sufficient to show the defendant expressly waived that right, absent evidence to the contrary. *Sheffield v. State*, 647 S.W.2d 413, 415 (Tex.App.—Austin), *pet. ref'd*, 650 S.W.2d 813 (Tex.Crim. App.1983); *see also Ross v. State*, 802 S.W.2d 308, 312 (Tex.App.—Dallas 1990), no pet.). In the instant case, the judgment recital was supported by the statement of facts showing an oral waiver of trial by jury. Even presuming the judgment recital is correct, it does not state that appellant waived the right to a jury trial *in writing*. The judgment in *Breazeale* stated that the defendants "in person and *in writing*, in open court, having waived [their] right of trial by jury ..." *Id.* at 449 (Op. on reh'g) (emphasis added). The defendants in *Breazeale* relied solely on the fact that the signed waivers were not included in the transcript. They never suggested that they had not waived their rights to a jury trial. Under those facts, the defendants failed to overcome the presumption that the judgment recitals were accurate. *Id.* at 451; *see also Goffney v. State*, 843 S.W.2d 583, 585 (Tex.Crim.App.1986); *Vega v. State*, 707 S.W.2d 557, 558–59 (Tex.Crim.App.1986) (Op. on reh'g).

■ In the instant case, the judgment recital does not meet the requirements of a written waiver as specified by article 1.13(a) which is now applicable to misdemeanors. *Carr*, 847 S.W.2d at 562. Moreover, nothing in the record indicates that appellant waived his right to trial by jury in writing pursuant to article 1.13(a). Appellant's acquiescence, under the circumstances, in proceeding to trial without a jury does not constitute a written waiver. *See Samudio v. State*, 635 S.W.2d 183, 185 (Tex.App.—Houston [1st Dist.1982], *aff'd*, 648 S.W.2d 312 (Tex.Crim. App.), *cert. denied*, 462 U.S. 1132, 103 S.Ct. 3113, 77 L.Ed.2d 1368 (1983).

■ The question which arises is whether the violation of article 1.13(a)'s requirements call for a reversal or is harmless error. TEX. R.APP.P. 81(b)(2). In *Meek v. State*, 851 S.W.2d 868, 870 (Tex.Crim.App.1993), the Court of Criminal Appeals addressed the issue in a felony case whether "the violation of the jury waiver requirements of article 1.13 calls for reversal or subject to a harmless error analysis." The Court concluded that the application of the harmless error doctrine in such a context is "perverse and inappropriate." *Id.* at 871; *Josey*, 857 S.W.2d at 816. *Meek* held that the failure of the defendant to sign and file a written jury waiver rendered the conviction a nullity and dictated reversal without an analysis of harm. *Id.* at 870–71. Since no distinction is to be made between felonies and misdemeanors in light of the provisions of article 1.13(a), *Carr*, 847 S.W.2d at 562, we have no choice but to hold that because no written jury waiver was executed by appellant, the judgment must be reversed and the cause remanded to the trial court. Point of error one is sustained. *See Townsend v. State*, 865 S.W.2d 469 (Tex. Crim.App.1993).

In view of our disposition of point of error one, we need not reach point of error two. We do observe that this latter point of error is multifarious, and is not presented in accordance with Rule 74(f) of the Texas Rules of Appellate Procedure.

The judgment is reversed and the cause remanded to the trial court.