IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 





NO. 3-93-467-CR





REINHARD WILSON,



 APPELLANT


vs.





THE STATE OF TEXAS,



 APPELLEE



 




FROM THE COUNTY COURT AT LAW NO. 3 OF TRAVIS COUNTY



NO. 397613, HONORABLE DAVID CRAIN, JUDGE PRESIDING



 





PER CURIAM

 The county court at law found appellant guilty of assault and assessed punishment
at incarceration for 180 days and a $1000 fine, probated. Tex. Penal Code Ann. § 22.01 (West
1989 & Supp. 1994). We will reverse the judgment because appellant's waiver of trial by jury
was not properly secured.

 The Code of Criminal Procedure provides that a waiver of trial by jury must be in
writing, with the consent and approval of the court and prosecutor. Tex. Code Crim. Proc. Ann.
art. 1.13(a) (West Supp. 1994). Effective September 1, 1991, article 1.13(a) was made applicable
to misdemeanors. State ex rel. Curry v. Carr, 847 S.W.2d 561 (Tex. Crim. App. 1992). If it
is shown on direct appeal that the defendant's jury waiver was not reduced to writing, reversal
is mandatory. Townsend v. State, 865 S.W.2d 469 (Tex. Crim. App. 1993); Meek v. State, 851
S.W.2d 868 (Tex. Crim. App. 1993).

 Appellant contends in his first point of error that article 1.13(a) was violated in this
cause, noting that the record does not contain a written jury waiver. The judgment recites that
appellant "waived trial by jury." Appellant asks this Court to order a hearing in the trial court
so that evidence can be developed whether the waiver was in writing. Tex. R. App. P. 55; see
Meek, 851 S.W.2d at 870. In its brief, the State concedes that no written jury waiver exists. 

 The judgment in this cause is distinguishable from that at issue in Breazeale v.
State, 683 S.W.2d 446, 449 (Tex. Crim. App. 1984) (opinion on motion for rehearing). In that
case, the judgment stated that the defendant waived trial by jury "in writing." The court held that
the burden was on the accused to establish that this recital was not true, and that the absence of
a written jury waiver in the transcript was not sufficient to overcome the presumption of regularity
in the judgment. Id. at 450-51. In the cause before us, the judgment does not recite that appellant
waived trial by jury in writing or otherwise state that article 1.13(a) was followed. Thus, this
record presents reversible error even in the absence of the State's commendable confession of
error. Appellant's motion to supplement the record is dismissed. Point of error one is sustained.

 Given our disposition of the first point of error, we need not address points two and
three. The judgment of conviction is reversed and the cause is remanded to the county court at
law.


Before Justices Powers, Aboussie and Jones

Reversed and Remanded

Filed: March 30, 1994

Do Not Publish