John Richard HANLEY, Appellant,

v.

The STATE of Texas, Appellee.

No. 14–93–00559–CR.

Court of Appeals of Texas,
Houston (14th Dist.).

Aug. 31, 1995.

Rehearing Overruled Sept. 28, 1995.

Richard C. Bax, Houston, for appellant.

Julie Kilbert, Houston, for appellee.

Before MURPHY, ANDERSON and YATES, JJ.

## OPINION

ANDERSON, Justice.

John Richard Hanley entered a plea of not guilty to misdemeanor assault. TEX.PENAL CODE ANN. § 22.01(a) (Vernon 1989).[1] The jury found Hanley guilty and the trial court assessed punishment at a $3,000.00 fine, one year confinement in the Harris County Jail, probated for two years, and thirty days in the Harris County Jail as a condition of probation. TEX.PENAL CODE ANN. § 12.21 (Vernon Supp.1994). In three points of error, Hanley contends the trial court improperly excused a juror *sua sponte* after the jury had been selected, sworn and impaneled, that his conviction is invalid because he did not execute a written waiver of his right to trial by jury, and he was denied his right to confront and cross-examine the witnesses against him. We reverse and remand.

During voir dire, prospective juror Michael Nickerson indicated he would be unable to concentrate on the trial due to personal family problems. Neither the prosecution nor the defense struck Nickerson, and he was seated as a juror. Nickerson failed to report to the trial court on the second day of trial. The reluctant juror was arrested, and after a hearing, the trial court found him to be in contempt of court.

Over defense counsel's objection, Nickerson was excused from further jury service. The court then gave the defense the choice between proceeding to trial with five jurors or empaneling a new jury. Without waiving his objection, defense counsel responded that if he was "forced" to make such a decision he would proceed with five jurors.

Hanley's first point of error challenges the court's sua sponte dismissal of Nickerson,

---

1. The crime for which appellant was convicted was committed before September 1, 1994, the effective date of the revised penal code. *See* Acts 1993, 73rd Leg., Ch. 900, § 1.18(b). Therefore, all references to the penal codes are to the code in effect at the time the crime was committed.

and subsequent conviction by the remaining five jurors. In his second point of error, appellant asserts his conviction is invalid because he did not waive his right to a jury trial in accordance with article 1.13(a) of the Texas Code of Criminal Procedure. We will address appellant's second point of error first.

■ Juries in county courts are to be composed of six qualified jurors. *See* TEX. CONST. art. 5 § 17; TEX.CODE CRIM.PROC.ANN. art. 33.01; TEX.GOV'T CODE ANN. § 62.301. Unlike district courts, there is no provision for parties in a county court to reduce the number of jurors by agreement. *See* TEX. CONST. art. 5 § 13; TEX.CODE CRIM.PROC.ANN. art. 33.01; TEX.GOV'T CODE ANN. § 62.201. We must conclude that a county court jury composed of less than six persons is not a jury.

The trial court offered appellant a choice between a mistrial with a new panel, or an agreement to a jury of five. Appellant vigorously opposed the removal of the juror, but later he and his counsel acquiesced to proceeding to trial with a jury of five. By word and deed appellant waived his constitutional right to trial by a jury of six.

The issue before us is whether a *de facto* waiver of a full jury satisfies the strict Texas constitutional requirement of a jury of six. After a review of state and federal law, we conclude it does not.

■ An accused may waive his right to a jury trial if he makes a *written* waiver in person "in open court with the consent and approval of the court, and the attorney representing the State." TEX.CODE CRIM.PROC. ANN. art. 1.13(a) (emphasis added). The right to a jury trial may be waived in both felony and misdemeanor prosecutions. *See Texas ex rel. Curry v. Carr,* 847 S.W.2d 561 (Tex.Crim.App.1992); *Josey v. State,* 857 S.W.2d 815 (Tex.App.—Houston [14th Dist.] 1993, no writ); *Chaouachi v. State,* 870 S.W.2d 88 (Tex.App.—San Antonio 1993, no

pet.). The statutory authority for waiver of a trial by jury carries with it the concomitant "right to agree to a trial by jury composed of less than six men." *Mackey v. State,* 68 Tex.Crim. 539, 151 S.W. 802, 803 (1912). *See also Kuhn v. State,* 151 S.W.2d 208 (Tex. Crim.App.1941).[2] If article 1.13(a) dictates that the waiver of a jury trial must be in writing, then, under the *Mackey* analysis, waiver of a jury composed of less than six jurors must also be executed according to the same procedures. TEX.CODE CRIM.PROC.ANN. art. 1.13(a).

■ Appellant never executed a written jury waiver or a written waiver of his right to be tried by a jury of less than six jurors. In the absence of a written waiver, appellant's mere participation in a trial without a full jury does not constitute a valid waiver of his right to trial by jury. *See Josey,* 857 S.W.2d at 816; *Landrum v. State,* 788 S.W.2d 577 (Tex.Crim.App.1990). Denial of appellant's constitutional right to a trial by a jury of six without a written waiver of such right constitutes reversible error. *See Meek v. State,* 851 S.W.2d 868 (Tex.Crim.App.1993); *Townsend v. State,* 865 S.W.2d 469, 470 (Tex.Crim. App.1993). Appellant's second point of error is sustained. Accordingly, we will reverse the judgment of the trial court, but before we can reach a decision as to the proper choice between reversing and remanding to the trial court to enter an order discharging appellant and barring reprosecution, or reversing and remanding the case for a new trial, we must address the issue of double jeopardy, raised tangentially by appellant.

In appellant's first point of error, he contends that the trial court's sua sponte dismissal of juror Nickerson was the functional equivalent of a mistrial, but that since no manifest necessity existed for the declaration of a mistrial, subjecting appellant to a new trial would violate the double jeopardy clauses in the United States and Texas Constitu-

---

**2.** The U.S. Supreme Court declared (unconstitutional) a provision of the Georgia Constitution that authorized five person juries in misdemeanor trials. It stated "the purpose and functioning

of the jury in a criminal trial is seriously impaired, and to a constitutional degree, by a reduction in size to below six members." *Ballew*

tions.[3] We do not agree that a retrial of appellant is jeopardy barred.

■ The Fifth Amendment to the United States Constitution prohibits a State from twice putting a defendant in jeopardy for the same offense. *Alvarez v. State,* 864 S.W.2d 64, 65 (Tex.Crim.App.1993). Jeopardy attaches when a jury is empaneled and sworn. *Crist v. Bretz,* 437 U.S. 28, 35, 98 S.Ct. 2156, 2161, 57 L.Ed.2d 24 (1978), *and, State v. Torres,* 805 S.W.2d 418, 420 (Tex.Crim.App. 1991).

■ However, double jeopardy does not equate to a rule "that every time a defendant is put to trial before a competent tribunal he is entitled to go free if the trial fails to end in a final judgment." *Lofton v. State,* 777 S.W.2d 96, 97 (Tex.Crim.App. 1989), citing *Wade v. Hunter,* 336 U.S. 684, 688, 69 S.Ct. 834, 837, 93 L.Ed. 974, 978 (1949).

> Before a defendant can be "twice put in jeopardy," as contemplated by the Fifth Amendment, the original jeopardy must have terminated. "Absent a final judgment, [a defendant] remains under the initial jeopardy. Therefore, retrial for the same offense is not *double* jeopardy."

*Ex parte Queen,* 877 S.W.2d 752, 754 (Tex. Crim.App.1994) (citing *Ex parte McAfee,* 761 S.W.2d 771, 773 (Tex.Crim.App.1988)). In other words, jeopardy must attach, and then, there must be some jeopardy terminating event before retrial is barred. A jeopardy terminating event can be an acquittal or conviction. *Lofton,* 777 S.W.2d at 97.

■ We agree with Hanley that jeopardy attached when the jury was impaneled and sworn. *Proctor v. State,* 841 S.W.2d 1, 4 (Tex.Crim.App.1992). However, we have no jeopardy terminating event, such as an acquittal. The Texas Constitution specifically provides that a jury in a misdemeanor case in a county court shall consist of six men.

TEX.CONST. art. 5, § 17. Absent a lawful waiver, no statute authorizes a verdict in a county court by less than six. Since appellant never signed a waiver, the verdict is void.[4] Consequently, absent a valid jury verdict, Hanley remains under the initial jeopardy and a retrial for the same offense is not jeopardy barred. *Queen,* 877 S.W.2d at 754; *Hoang v. State,* 872 S.W.2d 694, 698 (Tex. Crim.App.1993).

■ The core conclusion here is based on the principal that our double jeopardy clause does not preclude the State from retrying a defendant whose conviction is set aside on review because of an error in the proceedings. This principal is a well-established part of our constitutional jurisprudence. *See United States v. Tateo,* 377 U.S. 463, 465, 84 S.Ct. 1587, 1589, 12 L.Ed.2d 448 (1964). Our determination that the court erred when it failed to obtain a written waiver of the constitutional requirement of a full jury of six, and our decision to set aside the conviction based on that error will, consistent with such principal, permit a new trial.

The U.S. Supreme Court in *Burks v. United States,* 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978) addressed the foundation underlying the foregoing principal. Reversal for trial error does not constitute a decision to the effect the State has failed to prove its case. As such, it implies nothing with respect to the guilt or innocence of the defendant. Rather, it is a determination that a defendant has been convicted through a judicial process which is defective in some fundamental respect. When this occurs, the accused has a strong interest in obtaining a fair readjudication of his guilt, free from error, just as society maintains a valid concern for insuring that the guilty are punished. *Id.,* 437 U.S. at 14, 98 S.Ct. at 2149. *Accord, Ex Parte Fortune,* 797 S.W.2d 929, 933 (Tex. Crim.App.1990).

---

*v. Georgia,* 435 U.S. 223, 237, 98 S.Ct. 1029, 1038, 55 L.Ed.2d 234 (1978).

**3.** Because there was no declaration of a mistrial at any stage of the proceedings, any issue regarding the presence or absence of manifest necessity to support a mistrial is moot. Therefore, we need not reach these issues.

**4.** *Compare Clark v. State,* 276 S.W.2d 819, 820 (Tex.Crim.App.1955) (a judgment in a felony case where there is a plea of not guilty, based upon a verdict of only eleven jurors, is absolutely void.); and *Dailey v. State,* 162 Tex.Crim. 387, 285 S.W.2d 733 (1955) (a verdict of less than twelve jurors will not support a valid judgment.).

Because we have sustained appellant's second point of error, we do not reach his points of error one and three, except as set forth herein. We reverse the judgment of the court below and remand the case to the court below for a new trial.