In The
Court of Appeals
For The
First District of Texas
____________

NO. 01-00-00810-CR
____________

WYNNE WHITE ROUTT, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the County Court at Law
Washington County, Texas
Trial Court Cause No. 99-527



 
MEMORANDUM OPINION ON REMAND
          Appellant pleaded not guilty to the misdemeanor offense of driving while
intoxicated (DWI). After a bench trial, the trial court found her guilty and assessed
punishment at 90 days’ confinement, probated for 18 months, and a fine of $750. On
January 3, 2002, we issued an opinion reversing the judgment of the trial court and
remanding the case for a new trial. Routt v. State, No. 01-00-00810-CR, slip op. at
5 (Tex. App.—Houston [1st Dist.] Jan. 3, 2002) (not designated for publication). The
Court of Criminal Appeals vacated our judgment and remanded the case for our
reconsideration in light of its opinion in Johnson v. State, 72 S.W.3d 346, 349 (Tex.
Crim. App. 2002). See Routt v. State, No. 0244-02, slip op. at 2 (Tex. Crim. App.
July 31, 2002). We affirm.

Waiver of Jury Trial

          In her sole issue, appellant contends that the record contains no written waiver
of a jury trial. 

          The Code of Criminal Procedure requires that, in order to waive the right to a
jury trial, a defendant in a criminal prosecution must make such waiver in person and
in writing, in open court, with the consent and approval of the court and the attorney
representing the State. Tex. Code Crim. Proc. Ann. art. 1.13(a) (Vernon Supp.
2003). In Johnson, the Court of Criminal Appeals held that the trial court’s failure
to obtain a written jury waiver was harmless error. 72 S.W.3d at 349. The judgment
contained a recitation that the defendant waived a jury trial, which the Court
concluded was “binding in the absence of direct proof of its falsity.” Id. Although
article 1.13 was violated, the Court held that the defendant was not harmed. Id.

          Similarly, the judgment in this case recites that appellant “in person, in writing,
and in open Court, waived right of trial by jury with the consent and approval of the
Court.” Appellant did not present any direct evidence that the recitation was false. 
In the absence of such proof, we presume that appellant was aware of her right to a
jury trial and opted for a bench trial. See id. 

          We recognize that the judgment is dated February 3, 2003.


 We are bound to
presume the regularity of a judgment. Meek v. State, 851 S.W.2d 868, 870 (Tex.
Crim. App. 1993). To overcome the presumption of regularity, a defendant must
object to the accuracy of the judgment or affirmatively disprove the disputed
recitation. Id. Appellant never challenged the judgment for its correctness. 

          In addition to the judgment, there is other evidence regarding jury waiver. For
example: 

(1)On May 22, 2000, in a letter accompanying appellant’s second
motion for continuance, trial counsel stated, “Please set this cause
for a bench trial at your earliest convenience.” 

 
(2)On May 26, 2000, in a letter from the court administrator to trial
counsel, the court administrator stated, “In confirmation of my
telephone conversation with your office this date, the above
referenced cause is set for bench trial per your request on July 17,
2000 at 1:30 p.m.”

 
(3)On May 26, 2000, the State submitted its application for a
subpoena form, indicating that a bench trial was set for July 17,
2000. 

 
(4)During the proceedings, neither appellant nor trial counsel
stopped the proceedings and advised the trial court that this was
supposed to be a trial by jury.

          We find no harm in appellant receiving the bench trial that she requested. See
Jackson v. State, 76 S.W.3d 798, 803 (Tex. App.—Corpus Christi 2002, no pet.). 
Based on Johnson, we hold that any violation of article 1.13(a) was harmless. See
Johnson, 72 S.W.3d at 349; Kmiec v. State, 91 S.W.3d 820, 824 (Tex.
App.—Houston [1st Dist.] 2002, pet. ref’d).

          We overrule appellant’s sole point of error.

Conclusion

          The judgment of the trial court is affirmed. 





                                                             Adele Hedges

                                                             Justice

Panel consists of Justices Hedges, Nuchia, and Higley.

Do not publish. Tex. R. App. P. 47.2(b).