02-10-479-CR









 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

NO. 02-10-00479-CR

 

 


 
 
 Brian Paul Nowell
 
 
  
 
 
 APPELLANT
 
 
 
 
  
 V.
  
 
 
 
 
 The State of Texas
 
 
  
 
 
 STATE
 
 


 

 

----------

 

FROM THE 432nd
District Court OF Tarrant COUNTY

----------

 

MEMORANDUM
OPINION[1]

----------

 

          The
State charged Appellant Brian Paul Nowell with driving while intoxicated (DWI) enhanced
to a felony by two prior misdemeanor DWI convictions.  Appellant moved to quash
the indictment, arguing that one of the priors—an alleged 1993 conviction
entered upon a guilty plea—is void because the statutory procedural requirements
in effect in 1993 were not met.  After a hearing, the trial court denied the
motion to quash.  Appellant negotiated a plea-bargain agreement, retained his
right to appeal the trial court’s ruling, and pleaded guilty.  The trial court
followed the terms of the plea-bargain agreement, and sentenced Appellant to two
years’ confinement.  We affirm.

          In
his sole issue, Appellant contends that the trial court reversibly erred by
denying his motion to quash because the 1993 prior conviction is “void on its
face.”  Putting aside that there is no judgment from 1993 in the record, the
face of which we would otherwise examine in assessing Appellant’s claim, we
will assume without deciding that such a conviction exists.  Further, we will
assume without deciding that Defense Exhibit 1—a document entitled “Waiver of
Appointment of Attorney by Defendant Entering Plea of Guilty”—is sufficient
evidence to show that the requirements of article 1.13 in effect at the time of
the alleged 1993 plea were not met.[2]  Even given these
assumptions, however, Appellant’s claim fails because the court of criminal
appeals has clearly resolved this issue against Appellant’s position.

          In
Ex parte McCain, the court of criminal appeals held that a violation of
article 1.13(c) does not render a conviction void.  67 S.W.3d 204, 209–11 (Tex.
Crim. App. 2002).  Appellant acknowledges McCain, but he argues that it is
distinguishable because McCain was an appeal from denial of habeas relief
whereas this case is a direct appeal from a conviction, and the trial court in
this case lacked jurisdiction because Appellant’s prior conviction is void.

          But
neither are distinctions that exempt this case from McCain’s holding
that although not following statutorily imposed procedures such as those found
in article 1.13 may provide grounds for reversal on direct appeal, it does not
render convictions void.  See id.

          This
is also why Appellant’s reliance on Meek v. State is misplaced.  851
S.W.2d 868 (Tex. Crim. App. 1993).  In Meek, the court of appeals
affirmed a theft conviction handed down after a bench trial when the trial
court’s file did not contain a written jury waiver signed by the defendant as
required by article 1.13.  Id. at 868–69.  The court of criminal appeals
reversed, holding that failure to comply with the article’s requirement that
the trial court’s file contain a defendant’s signed, written jury waiver was
error not subject to a harm analysis.  Id. at 870–71.  But Meek
did not hold that the conviction was “void” and therefore unavailable to
enhance subsequent offenses.  See id.  Nor did Meek involve an
appeal from a subsequent conviction that relied on a previous conviction for
enhancement.  See id.  Further, the court of criminal appeals
specifically noted that the holding turned on the fact that Meek did not sign
the jury waiver as required by article 1.13; the court stated that it did not
intend for the opinion to necessarily extend to violations of other
requirements of article 1.13.  Id. at 871 n.6.

          Here,
it appears from the record that Appellant signed a written jury waiver, and he
does not contend otherwise.  While Meek may stand for the proposition
that noncompliance with article 1.13 is grounds for reversal on direct appeal, McCain
clearly stands for the proposition that such noncompliance does not render a
judgment void for enhancement purposes.  To the extent that Appellant’s entire claim
rests on the opposite premise, it is without merit.

          Finally,
to the extent that Appellant’s claim rests on the premise that the failure to
comply with article 1.13 invalidated his waiver of a jury back in 1993, and
that this in turn rendered the 1993 judgment void, Appellant has cited no
authority and provides no argument for us to reverse this case on that basis.  See
Tex. R. App. P. 38.1(i).




          Accordingly,
we overrule Appellant’s sole issue and affirm the judgment.

 

 

 

LEE GABRIEL

JUSTICE

 

PANEL: 
WALKER,
McCOY, and GABRIEL, JJ.

 

DO
NOT PUBLISH

Tex.
R. App. P. 47.2(b)

 

DELIVERED:  October 6, 2011








 









[1]See Tex. R. App. P. 47.4.





[2] At the time of
Appellant’s 1993 plea, article 1.13 of the Texas Code of Criminal Procedure
provided in pertinent part:

(a) The defendant in a criminal prosecution for any
offense other than a capital felony case in which the State notifies the court
and the defendant that it will seek the death penalty shall have the right,
upon entering a plea, to waive the right of trial by jury, conditioned,
however, that such waiver must be made in person by the defendant in writing in
open court with the consent and approval of the court, and the attorney
representing the State.  The consent and approval by the court shall be entered
of record on the minutes of the court, and the consent and approval of the
attorney representing the State shall be in writing, signed by him, and filed
in the papers of the cause before the defendant enters his plea.

. . . .

(c)  Before a defendant who has no attorney can agree
to waive the jury, the court must appoint an attorney to represent him.

Act of June 16, 1991, 72nd
Leg., R.S., ch. 652, § 1, art. 1.13, 1991 Tex. Gen. Laws 2394, 2394.