

# COURT OF APPEALS
**SECOND DISTRICT OF TEXAS**
**FORT WORTH**

## NO. 02-10-00479-CR

BRIAN PAUL NOWELL                                             APPELLANT

V.

THE STATE OF TEXAS                                                    STATE

----------

FROM THE 432ND DISTRICT COURT OF TARRANT COUNTY

----------

## MEMORANDUM OPINION[1]

----------

The State charged Appellant Brian Paul Nowell with driving while intoxicated (DWI) enhanced to a felony by two prior misdemeanor DWI convictions. Appellant moved to quash the indictment, arguing that one of the priors—an alleged 1993 conviction entered upon a guilty plea—is void because the statutory procedural requirements in effect in 1993 were not met. After a hearing, the trial court denied the motion to quash. Appellant negotiated a plea-

---

[1]*See* Tex. R. App. P. 47.4.

bargain agreement, retained his right to appeal the trial court's ruling, and pleaded guilty. The trial court followed the terms of the plea-bargain agreement, and sentenced Appellant to two years' confinement. We affirm.

In his sole issue, Appellant contends that the trial court reversibly erred by denying his motion to quash because the 1993 prior conviction is "void on its face." Putting aside that there is no judgment from 1993 in the record, the face of which we would otherwise examine in assessing Appellant's claim, we will assume without deciding that such a conviction exists. Further, we will assume without deciding that Defense Exhibit 1—a document entitled "Waiver of Appointment of Attorney by Defendant Entering Plea of Guilty"—is sufficient evidence to show that the requirements of article 1.13 in effect at the time of the alleged 1993 plea were not met.[2] Even given these assumptions, however,

---

[2] At the time of Appellant's 1993 plea, article 1.13 of the Texas Code of Criminal Procedure provided in pertinent part:

> (a) The defendant in a criminal prosecution for any offense other than a capital felony case in which the State notifies the court and the defendant that it will seek the death penalty shall have the right, upon entering a plea, to waive the right of trial by jury, conditioned, however, that such waiver must be made in person by the defendant in writing in open court with the consent and approval of the court, and the attorney representing the State. The consent and approval by the court shall be entered of record on the minutes of the court, and the consent and approval of the attorney representing the State shall be in writing, signed by him, and filed in the papers of the cause before the defendant enters his plea.
>
> . . . .

Appellant's claim fails because the court of criminal appeals has clearly resolved this issue against Appellant's position.

In *Ex parte McCain*, the court of criminal appeals held that a violation of article 1.13(c) does not render a conviction void. 67 S.W.3d 204, 209–11 (Tex. Crim. App. 2002). Appellant acknowledges *McCain*, but he argues that it is distinguishable because *McCain* was an appeal from denial of habeas relief whereas this case is a direct appeal from a conviction, and the trial court in this case lacked jurisdiction because Appellant's prior conviction is void.

But neither are distinctions that exempt this case from *McCain*'s holding that although not following statutorily imposed procedures such as those found in article 1.13 may provide grounds for reversal on direct appeal, it does not render convictions void. *See id.*

This is also why Appellant's reliance on *Meek v. State* is misplaced. 851 S.W.2d 868 (Tex. Crim. App. 1993). In *Meek*, the court of appeals affirmed a theft conviction handed down after a bench trial when the trial court's file did not contain a written jury waiver signed by the defendant as required by article 1.13. *Id*. at 868–69. The court of criminal appeals reversed, holding that failure to comply with the article's requirement that the trial court's file contain a

---

(c)  Before a defendant who has no attorney can agree to waive the jury, the court must appoint an attorney to represent him.

Act of June 16, 1991, 72nd Leg., R.S., ch. 652, § 1, art. 1.13, 1991 Tex. Gen. Laws 2394, 2394.

defendant's signed, written jury waiver was error not subject to a harm analysis. *Id.* at 870–71. But *Meek* did not hold that the conviction was "void" and therefore unavailable to enhance subsequent offenses. *See id.* Nor did *Meek* involve an appeal from a subsequent conviction that relied on a previous conviction for enhancement. *See id.* Further, the court of criminal appeals specifically noted that the holding turned on the fact that Meek did not sign the jury waiver as required by article 1.13; the court stated that it did not intend for the opinion to necessarily extend to violations of other requirements of article 1.13. *Id.* at 871 n.6.

Here, it appears from the record that Appellant signed a written jury waiver, and he does not contend otherwise. While *Meek* may stand for the proposition that noncompliance with article 1.13 is grounds for reversal on direct appeal, *McCain* clearly stands for the proposition that such noncompliance does not render a judgment void for enhancement purposes. To the extent that Appellant's entire claim rests on the opposite premise, it is without merit.

Finally, to the extent that Appellant's claim rests on the premise that the failure to comply with article 1.13 invalidated his waiver of a jury back in 1993, and that this in turn rendered the 1993 judgment void, Appellant has cited no authority and provides no argument for us to reverse this case on that basis. *See* Tex. R. App. P. 38.1(i).

4

Accordingly, we overrule Appellant's sole issue and affirm the judgment.


LEE GABRIEL
JUSTICE

PANEL:  WALKER, McCOY, and GABRIEL, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  October 6, 2011