**Larry Earl BUCK, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 47047.

Court of Criminal Appeals of Texas.

Jan. 16, 1974.

---

James W. Sparks, Jr. (On appeal Only), Beaumont, for appellant.

Tom Hanna, Dist. Atty. and Stephen M. Rienstra, Asst. Dist. Atty., Beaumont, Jim D. Vollers, State's Atty., and Buddy Stevens, Asst. State's Atty., Austin, for the State.

OPINION

MORRISON, Judge.

The conviction is for robbery by firearms; the punishment assessed was twenty-five (25) years.

Appellant's version of the facts will suffice for this appeal.

"The State's evidence reflects, basically, that appellant and another entered a neighborhood grocery, produced weapons, and took money from the owner, one Henry Ferritta [sic]. A thirteen year-old customer was present. With a car description, the Beaumont police apprehended the occupants, some distance away, later identified as the appellant and one Ray Eugene Long. The victim did not testify. The appellant testified as to his presence in auto; but denied robbery participation."

■ Appellant's first ground of error urges that there was no arraignment in accordance with Art. 26.01, Vernon's Ann.C.C.P. There is nothing in the record to indicate that the appellant requested an arraignment or objected to the absence of an arraignment or otherwise raised this matter in the trial court. Such error, if any, was waived. Art. 44.24, V.A.C.C.P.; Vanwright v. State, Tex.Cr.App., 454 S.W.2d 406.

■ Secondly, appellant urges an insufficiency of the evidence in that the State failed to prove (1) that any property was taken and (2) without the consent of the victim.

Appellant urges that the only testimony by the State on these elements was from the victim's wife, Mrs. Fertitta, and that the court declared this testimony inadmissible. The State's eye witness, Mark Fasulo, did identify the appellant as the person who pointed a pistol at the victim on the occasion in question, but failed to state that any money was taken without the victim's consent. The two elements set forth

above were proved by at least one defense witness, Ray Eugene Long, who testified as follows:

"Q: All right, who robbed Fertitta's grocery store?

"A: Ralph Stevens and I.

\*   \*   \*   \*   \*   \*

"Q: And in the—what did you all recover as a result of the robbery?

"A: Some money.

\*   \*   \*   \*   \*   \*

"Q: Did the money come from the cash register or from the person of Mr. Fertitta?

"A: Some of it came from Mr. Fertitta, some of it came out of that cash register."

This witness established the elements of the taking and the nonconsent. Appellant testified that he was in the fleeing automobile with Ray Eugene Long, but denied his participation in the robbery. The jury is the sole judge of the facts and the credibility of the witnesses. The evidence is sufficent as a matter of law.

■ Appellant's ground of error number three complains that the trial court erred in refusing to grant a mistrial as a result of Mrs. H. Fertitta's testimony pertaining to the "robbery" and her husband's condition.

This testimony was admitted without objection. After the State had passed this witness for cross-examination, appellant prevailed on the court to strike this testimony. Appellant's motion for mistrial was denied. The court's ruling to strike this testimony was sufficient to cure the error, if any. Appellant is hardly in a position to urge a mistrial when he allowed the jury to hear the evidence in the first place.

■ Appellant's grounds of error numbers four and five complain of the admis-sion into evidence of two pistols used in the robbery.

Appellant led the officers to the pistols shortly after his arrest. Appellant admitted in his testimony at trial that he threw the pistols out of the automobile. The pistols were admissible.

■ Ground of error number six complains of the State's closing argument in referring to "criminals have ethics". The State was apparently referring to the fact that appellant and his only other witness, Ray Eugene Long, were convicted felons, a fact in evidence, and would for that reason testify for each other. The credibility of the witnesses is for the jury, and the State has a right in closing argument to comment thereon. After objection the argument was pursued no further. We perceive no error.

■ Grounds of error numbers seven and eight object to the State's closing argument when it was stated, "The State will apologize for the unavailability of Henry A. Fertitta." The trial court sustained the objection but overruled both the motion to instruct the jury and the motion for mistrial.

The facts reveal that Fertitta had not testified, but his wife testified that he had sustained a nervous breakdown eight or nine weeks after the incident. The court sustained an objection and instructed the jury to disregard only that part of her testimony that the robbery caused the nervous breakdown and that her husband had been robbed. These grounds of error are without merit.

We have also examined appellant's pro se pleadings filed with this Court and find the contentions made therein to be without merit.

This conviction is affirmed.