NO. 07-05-0249-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

SEPTEMBER 28, 2006
_____

REGINAL WAYNE YOUNG, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE
_____

FROM THE COUNTY CRIMINAL COURT NO. 4 OF TARRANT COUNTY;

NO. 0944215; HONORABLE DEBORAH NEKHOM HARRIS, JUDGE
_____

Before REAVIS and CAMPBELL and HANCOCK, JJ.

**MEMORANDUM OPINION**

Following a plea of not guilty, appellant Reginal Wayne Young was convicted at a bench trial of possession of marihuana and sentenced to thirty days confinement and a $500 fine. By five issues, he contends the trial court committed reversible error by (1) failing to obtain a written jury waiver, (2) failing to obtain a waiver of jury trial on the record, (3) failing to obtain a written waiver of arraignment, (4) failing to arraign him on the record, and (5) overruling his motion to suppress evidence. We affirm.

Appellant was arrested for public intoxication after a police officer observed him staggering out of an alleyway and toward a busy street. At appellant's bench trial, Officer

Jose Palomares testified he arrested appellant because when he approached him, he could smell alcohol on appellant's breath and noticed his speech was slurred. After placing him under arrest, Officer Palomares searched appellant's wallet and discovered a small plastic baggie containing a green leafy substance. The substance later tested positive for marihuana. Testifying in his defense, appellant conceded he had marihuana in his wallet but claimed he had not had anything to drink at the time the officer approached him. Furthermore, appellant testified that upon learning the reason for his arrest, he asked Officer Palomares to administer field sobriety tests or a Breathalyzer test to prove he was not intoxicated. However, the officer refused. The court subsequently found appellant guilty of possession of marihuana.

By issues one and two, appellant contends the trial court committed fundamental error when it failed to obtain a written waiver of jury trial or document the waiver on the record as required by Art. 1.13 of the Code of Criminal Procedure. We disagree.

Article 1.13(a) provides that a criminal defendant may waive the right of trial by jury upon entering a plea but requires that the waiver be made "in person by the defendant in writing in open court with the consent and approval of the court, and the attorney representing the State." *Id.* The statute further provides that the trial court's consent and approval must be "entered of record on the minutes of the court," and the consent and approval of the State's attorney must be "in writing, signed by him, and filed in the papers of the cause before the defendant enters his plea." *Id.* These requirements apply to

2

misdemeanors as well as felony cases. *See State ex rel. Curry v. Carr*, 847 S.W.2d 561, 562 (Tex.Crim.App. 1992).

In the instant case, the State concedes the record does not contain a written jury waiver and that there was no exchange at trial regarding appellant's right to waive jury trial. In fact, the State does not challenge appellant's contention that the trial court erred in this regard. Instead, the State maintains that any error by the trial court failed to affect appellant's substantial rights. Since appellant merely alleges that his waiver was not properly reflected in the record, and not that he was denied the right to a jury trial, he alleges statutory error, not constitutional error. *Johnson v. State*, 72 S.W.3d 346, 348 (Tex.Crim.App. 2002). *See also Ex parte McCain*, 67 S.W.3d 204, 209-10 (Tex.Crim.App. 2002) (explaining that a violation of the mandatory terms of Article 1.13(a) is not jurisdictional, constitutional, or fundamental error). Therefore, in determining whether there was harm, we must conduct a section 44.2(b) harm analysis and disregard the error if it did not affect appellant's substantial rights. *Johnson,* 72 S.W.3d at 348; Tex. R. App. P. 44.2(b).

The trial court heard appellant's motion to suppress prior to the bench trial. Appellant was represented by counsel throughout. At the conclusion of the bench trial, the trial court rendered judgment stating that appellant "having been duly arraigned, waived trial by jury . . . ."[1] The Court of Criminal Appeals has held that, under the presumption of

---

[1] The pertinent pre-printed language of the judgment is identical to that quoted in *Johnson*, 72 S.W.3d at 352 (Johnson, J., dissenting).

3

regularity of judgments, we must presume such a statement is correct in the absence of direct proof of its falsity. *Johnson*, 72 S.W.3d at 349; *Jackson v. State*, 76 S.W.3d 798, 802 (Tex.App.–Corpus Christi 2002, no pet.). Appellant does not argue the record contains such direct proof of the falsity of the recitation in the judgment and, having examined the record, we find none. Like the record in *Johnson*, therefore, the record reflects that appellant "was aware of his right to a jury trial and opted for a bench trial." 72 S.W.3d at 349. Accordingly, we find the trial court's failure to obtain a written jury waiver or a waiver on the record did not affect appellant's substantial rights. Appellant's first two issues are overruled.

By issues three and four, appellant contends the trial court's failure to obtain a written waiver of arraignment or arraign him on the record violated his right to due process. However, there is nothing in the record indicating appellant ever objected to the absence of an arraignment, requested to be formally arraigned, or otherwise brought the matter to the attention of the trial court. Instead, appellant raises the issue for the first time on appeal. Consequently, any error by the trial court with regard to arraignment was waived and these issues present nothing for review. *Buck v. State*, 503 S.W.2d 588, 589 (Tex.Crim.App. 1974). *See also* Tex. R. App. P. 33.1. Issues three and four are overruled.

By issue five, appellant alleges the trial court erred in overruling his motion to suppress the marihuana evidence found during the search incident to his arrest because the arresting officer lacked probable cause to arrest him for public intoxication. Again, we disagree.

4

At a motion to suppress hearing, the trial court is the sole trier of fact and judge of the credibility of the witnesses and the weight to be given their testimony. *State v. Ross*, 32 S.W.3d 853, 855 (Tex.Crim.App. 2000). Under the bifurcated standard of appellate review for a ruling on a motion to suppress described in *Guzman v. State*, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997), we review the court's ruling for an abuse of discretion, but give almost total deference to the trial court's findings of fact especially when the findings are based on an evaluation of credibility and demeanor. *Ross*, 32 S.W.3d at 856.

The Penal Code provides that a person commits the offense of public intoxication if "the person appears in a public place while intoxicated to the degree that the person may endanger the person or another." Tex. Pen. Code Ann. § 49.02 (Vernon 2003). In the present case, Officer Palomares testified he arrested appellant after he observed him stumbling toward a busy street, smelled alcohol on his breath, and heard him slur his speech. Although appellant recounted a somewhat different version of events, the trial court may believe or disbelieve all or any part of a witness's testimony, whether or not the testimony is controverted. *Ross*, 32 S.W.3d at 855. Considering the appropriate standard of review, we find the trial court did not err in overruling the motion to suppress. Appellant's fifth point is overruled.

Accordingly, the trial court's judgment is affirmed.


James T. Campbell
Justice

Do not publish.

5