NO. 07-05-0249-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL A



SEPTEMBER 28, 2006


 ______________________________



REGINAL WAYNE YOUNG, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE


_________________________________



FROM THE COUNTY CRIMINAL COURT NO. 4 OF TARRANT COUNTY;



NO. 0944215; HONORABLE DEBORAH NEKHOM HARRIS, JUDGE


_______________________________




Before REAVIS and CAMPBELL and HANCOCK, JJ.

MEMORANDUM OPINION

 Following a plea of not guilty, appellant Reginal Wayne Young was convicted at a
bench trial of possession of marihuana and sentenced to thirty days confinement and a
$500 fine. By five issues, he contends the trial court committed reversible error by (1)
failing to obtain a written jury waiver, (2) failing to obtain a waiver of jury trial on the record,
(3) failing to obtain a written waiver of arraignment, (4) failing to arraign him on the record,
and (5) overruling his motion to suppress evidence. We affirm.

 Appellant was arrested for public intoxication after a police officer observed him
staggering out of an alleyway and toward a busy street. At appellant's bench trial, Officer
Jose Palomares testified he arrested appellant because when he approached him, he
could smell alcohol on appellant's breath and noticed his speech was slurred. After placing
him under arrest, Officer Palomares searched appellant's wallet and discovered a small
plastic baggie containing a green leafy substance. The substance later tested positive for
marihuana. Testifying in his defense, appellant conceded he had marihuana in his wallet
but claimed he had not had anything to drink at the time the officer approached him. 
Furthermore, appellant testified that upon learning the reason for his arrest, he asked
Officer Palomares to administer field sobriety tests or a Breathalyzer test to prove he was
not intoxicated. However, the officer refused. The court subsequently found appellant
guilty of possession of marihuana.

 By issues one and two, appellant contends the trial court committed fundamental
error when it failed to obtain a written waiver of jury trial or document the waiver on the
record as required by Art. 1.13 of the Code of Criminal Procedure. We disagree.

 Article 1.13(a) provides that a criminal defendant may waive the right of trial by jury
upon entering a plea but requires that the waiver be made "in person by the defendant in
writing in open court with the consent and approval of the court, and the attorney
representing the State." Id. The statute further provides that the trial court's consent and
approval must be "entered of record on the minutes of the court," and the consent and
approval of the State's attorney must be "in writing, signed by him, and filed in the papers
of the cause before the defendant enters his plea." Id. These requirements apply to
misdemeanors as well as felony cases. See State ex rel. Curry v. Carr, 847 S.W.2d 561,
562 (Tex.Crim.App. 1992). 

 In the instant case, the State concedes the record does not contain a written jury
waiver and that there was no exchange at trial regarding appellant's right to waive jury trial. 
In fact, the State does not challenge appellant's contention that the trial court erred in this
regard. Instead, the State maintains that any error by the trial court failed to affect
appellant's substantial rights. Since appellant merely alleges that his waiver was not
properly reflected in the record, and not that he was denied the right to a jury trial, he
alleges statutory error, not constitutional error. Johnson v. State, 72 S.W.3d 346, 348
(Tex.Crim.App. 2002). See also Ex parte McCain, 67 S.W.3d 204, 209-10 (Tex.Crim.App.
2002) (explaining that a violation of the mandatory terms of Article 1.13(a) is not
jurisdictional, constitutional, or fundamental error). Therefore, in determining whether there
was harm, we must conduct a section 44.2(b) harm analysis and disregard the error if it did
not affect appellant's substantial rights. Johnson, 72 S.W.3d at 348; Tex. R. App. P.
44.2(b).

 The trial court heard appellant's motion to suppress prior to the bench trial. 
Appellant was represented by counsel throughout. At the conclusion of the bench trial, the
trial court rendered judgment stating that appellant "having been duly arraigned, waived
trial by jury . . . ." (1) The Court of Criminal Appeals has held that, under the presumption of
regularity of judgments, we must presume such a statement is correct in the absence of
direct proof of its falsity. Johnson, 72 S.W.3d at 349; Jackson v. State, 76 S.W.3d 798,
802 (Tex.App.-Corpus Christi 2002, no pet.). Appellant does not argue the record
contains such direct proof of the falsity of the recitation in the judgment and, having
examined the record, we find none. Like the record in Johnson, therefore, the record
reflects that appellant "was aware of his right to a jury trial and opted for a bench trial." 72
S.W.3d at 349. Accordingly, we find the trial court's failure to obtain a written jury waiver
or a waiver on the record did not affect appellant's substantial rights. Appellant's first two
issues are overruled.

 By issues three and four, appellant contends the trial court's failure to obtain a
written waiver of arraignment or arraign him on the record violated his right to due process. 
However, there is nothing in the record indicating appellant ever objected to the absence
of an arraignment, requested to be formally arraigned, or otherwise brought the matter to
the attention of the trial court. Instead, appellant raises the issue for the first time on
appeal. Consequently, any error by the trial court with regard to arraignment was waived
and these issues present nothing for review. Buck v. State, 503 S.W.2d 588, 589
(Tex.Crim.App. 1974). See also Tex. R. App. P. 33.1. Issues three and four are overruled.

 By issue five, appellant alleges the trial court erred in overruling his motion to
suppress the marihuana evidence found during the search incident to his arrest because
the arresting officer lacked probable cause to arrest him for public intoxication. Again, we
disagree.

 At a motion to suppress hearing, the trial court is the sole trier of fact and judge of
the credibility of the witnesses and the weight to be given their testimony. State v. Ross,
32 S.W.3d 853, 855 (Tex.Crim.App. 2000). Under the bifurcated standard of appellate
review for a ruling on a motion to suppress described in Guzman v. State, 955 S.W.2d 85,
89 (Tex. Crim. App. 1997), we review the court's ruling for an abuse of discretion, but give
almost total deference to the trial court's findings of fact especially when the findings are
based on an evaluation of credibility and demeanor. Ross, 32 S.W.3d at 856.

 The Penal Code provides that a person commits the offense of public intoxication
if "the person appears in a public place while intoxicated to the degree that the person may
endanger the person or another." Tex. Pen. Code Ann. § 49.02 (Vernon 2003). In the
present case, Officer Palomares testified he arrested appellant after he observed him
stumbling toward a busy street, smelled alcohol on his breath, and heard him slur his
speech. Although appellant recounted a somewhat different version of events, the trial
court may believe or disbelieve all or any part of a witness's testimony, whether or not the
testimony is controverted. Ross, 32 S.W.3d at 855. Considering the appropriate standard
of review, we find the trial court did not err in overruling the motion to suppress. 
Appellant's fifth point is overruled.

 Accordingly, the trial court's judgment is affirmed.


 James T. Campbell

 Justice

Do not publish. 
1. The pertinent pre-printed language of the judgment is identical to that quoted in
Johnson, 72 S.W.3d at 352 (Johnson, J., dissenting). 



d="false" Name="Colorful List Accent 1"/>
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 









NO. 07-10-0115-CR

 

IN THE COURT OF APPEALS

 

FOR THE
SEVENTH DISTRICT OF TEXAS

 

AT
AMARILLO

 

PANEL E   

 

 AUGUST 23, 2011



 

 



 

 

GAVINO DURON, APPELLANT

 

v.

 

THE STATE OF TEXAS,  APPELLEE 



 

 



 

 FROM THE COURT-AT-LAW NO. SEVEN OF
TRAVIS COUNTY;

 

NO. C-1-CR-08-500442; HONORABLE ELISABETH A. EARLE, JUDGE



 

 



 

Before QUINN, C.J., and PIRTLE, J., and BOYD, S.J.[1]

 

 

MEMORANDUM OPINION

Following a jury trial, Appellant, Gavino Duron, was
convicted of assault with bodily injury and sentenced to two hundred-fifty days
confinement.[2]  In a single issue, Appellant asserts the
trial court abused its discretion by denying his motion for a mistrial after a witness
violated a pretrial motion in limine.  We
affirm.

Background

            On April 30, 2008, an Assistant
County Attorney of Travis County filed an information[3]
charging Appellant with intentionally, knowingly and recklessly causing bodily
injury to Sarah Vasquez by striking her on and about the head with his hand and
seizing her on and about her torso, also with his hand, on or about December 2,
2007.  Prior to trial, Appellant filed a Motion in Limine, requesting "the
State's attorney and the State's witnesses not to allude to . . . [a]ny
evidence of, details of, or references or allusions to the [Appellant}
assaulting witness Anjelica [sic] Ramos on prior occasions."  That motion was granted.  A jury trial on the merits was conducted
February 25, 2010.

            At trial, the State produced four
witnesses: Angelica Ramos,[4]
Sarah Vasquez, Officer Mark Jelesijevic, and Detective Robert Holsonback.  Their testimony established that, on December
2, 2007, Ramos, two of her children and Sarah Vasquez accompanied Appellant to
a restaurant.  Before they were seated,
Appellant became upset over a remark by Ramos and left the restaurant.  Because Appellant was upset, Ramos decided to
drive him home.

            After dropping her children off at
their grandmother's house, Ramos proceeded to drive Appellant home.  Appellant was seated in the right front
passenger seat and Vasquez was seated behind Ramos in the back seat.  En route, Ramos returned her boyfriend's
phone call and Appellant became angry. 
He leaned over Ramos and told her that, if she didn't give him her
phone, he was going to hit her.  

            Vasquez, who had been quiet up to
this point, interjected that Appellant was not going to hit her friend and that
he needed to back off.  Appellant then
turned around in his seat facing Vasquez and threatened her.  When Appellant started coming toward the back
seat, Vasquez held her hand up to his face and told him he needed to back
away.  Appellant then hit Vasquez in her
forehead as she fought back.  Ramos drove
as quickly as possible to Appellant's apartment while this scuffle continued.  When they arrived at Appellant's apartment,
Appellant opened the passenger door, grabbed Vasquez by her arms and tried to
pull her from the back seat to the front seat and out of the car.  Eventually, Appellant stopped, spit in
Vasquez's face and ran to his apartment.  
Afterwards, Vasquez felt dizziness and confusion.

            When they arrived at Ramos's
apartment, there was a big bump shaped like an egg in the center of Vasquez's forehead.  The police were called.  Officer Mark Jelesijevic took an oral
statement from Vasquez and photographed her injuries.  Detective Robert Holsonback later obtained a
written statement from Vasquez and charged Appellant with assault causing
bodily injury.  

            During the State's direct examination
of Ramos, the following exchange occurred:

STATE:          So [Appellant] got into your personal
space?

 

RAMOS:        Oh,
yeah.  He completely leaned right over
me.

 

STATE: 
        Would you consider that
threatening, what he was doing towards you?

 

RAMOS: 
      I considered it a threat
right off the bat when he told me he was going to hit me.

 

STATE:          Did
you think he might follow through?

 

RAMOS:        Yes, ma'am.  He always
has.

 

            At
that point, Appellant's counsel objected to the testimony as violating the
prior motion in limine and requested that the court instruct the jury to
disregard the last statement.  The court
granted that request, whereupon Appellant's counsel immediately moved for a
mistrial.  After instructing the jury to
disregard the statement, and receiving their assurance that they could, the
trial proceeded without a formal ruling on counsel's motion for mistrial.[5]

            At the trial's conclusion, the jury
found Appellant guilty of assault causing bodily injury and Appellant was
sentenced by the court to two hundred-fifty days confinement.  This appeal followed.




 

Discussion

            In
his single issue, Appellant contends the trial court abused its discretion by
failing to grant a mistrial after Ramos testified that Appellant always followed through on his threats.  Appellant asserts Ramos's testimony was highly
prejudicial and incurable.  The State
asserts that any prejudice to Appellant due to Ramos's testimony was cured by
the trial court's instruction.  

            A trial court's denial of a motion
for mistrial is reviewed for an abuse of discretion and must be upheld if it
was within the zone of reasonable disagreement. 
Ocon v. State, 284 S.W.3d 880,
884 (Tex.Crim.App. 2009).  A mistrial
halts trial proceedings when error is so prejudicial that the expenditure of
further time and expense would be wasteful and futile; Ladd v. State, 3 S.W.3d 547, 567 (Tex.Crim.App. 1999), and should
be granted "only when residual prejudice remains" after less drastic
alternatives are explored.  Barnett v. State, 161 S.W.3d 128, 134 (Tex.App.--Fort
Worth 2005), aff'd, 189 S.W.3d 272
(Tex.Crim.App. 2006).  

            Whether a witness's improper
reference to an extraneous offense warrants a mistrial depends on the
particular facts of the case.  Ladd, 3 S.W.3d at 567.  A mistrial is required only when the improper
question or evidence is clearly prejudicial to the defendant and is of such
character as to suggest the impossibility of withdrawing the impression produced
in the minds of the jurors.  Young v. State, 283 S.W.3d 854, 878
(Tex.Crim.App. 2009) (per curiam), cert. denied, ___ U.S. ___, 130 S.Ct.
1015, 175 L.Ed.2d 622 (2009).  An
instruction to disregard will ordinarily cure error associated with a witness's
improper reference to an extraneous offense committed by the defendant.  Id.
at 878; Kemp v. State, 846 S.W.2d
289, 308 (Tex.Crim.App. 1992) (en banc)
(instruction by trial judge to disregard will suffice to cure an inadmissible
reference to or implying of extraneous offenses).  Further, we presume the jury followed the
trial court's instruction to disregard testimony in the absence of evidence
that it did not.  Ladd, 3 S.W.3d at 567 (quoting Gardner
v. State, 730 S.W.2d 675, 696 (Tex.Crim.App. 1987)); State v. Boyd, 202 S.W.3d 393, 402 (Tex.App.--Dallas 2006, pet.
ref'd). 

            Considering the facts of this case,
we conclude the trial court did not abuse its discretion by denying Appellant's
motion for mistrial.  The jury heard testimony
from two witnesses that Appellant assaulted Vasquez and viewed photographs
taken by police shortly after the incident documenting Vasquez's injuries and
corroborating their testimony.  Nothing
in the record suggests the jury would have reached a different verdict absent
the complained-of statement.  Further, the
implied reference to Appellant's prior threats and the certainty with which he
carried them out was brief, did not contain any substantive facts, was not
repeated by the State, and was followed by a prompt instruction to disregard.  Although Appellant asserts otherwise, nothing
in the record suggests the reference to his prior threats was so "highly
prejudicial and incurable" that the trial court erred by denying his
motion for mistrial.  See Simpson v. State, 119 S.W.3d 262,
272 (Tex.Crim.App. 2003), cert. denied,
542 U.S. 905, 124 S.Ct. 2837, 159 L.Ed.2d 270 (2004).  See
also Gardner v. State, 730 S.W.2d 675, 697 (Tex.Crim.App. 1987) ("The
bare fact [that appellant had been to the penitentiary], unembellished, was not
so inflammatory as to undermine the efficacy of the trial court's instruction
to disregard it.")  Having reviewed
the record, we cannot say the trial court's ruling was outside the zone of
reasonable disagreement.  Accordingly, we
overrule Appellant's sole issue.  

Conclusion

            The
trial court's judgment is affirmed.    

 

                                                                                    Patrick
A. Pirtle

                                                                                          Justice

 

Do not publish.

 

            

 

 











[1]John
T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by
assignment.  Tex. Gov't Code Ann. §
75.002.(a)(1) (West 2005).

 





[2]The
offense of assault with bodily injury is a Class A misdemeanor.  See Tex.
Penal Code Ann. § 22.01(a) & (b) (West 2011).

 





[3]Although
the Information named the defendant
as "Gabino Duron," motions filed by Appellant, the Charge of the Court and the Judgment reflect "Gavino
Duron."  We express no opinion as to
the correct name of Appellant.

 





[4]Ramos
testified that she had a prior relationship with Appellant for approximately
six years and had two children by him.

 





[5]The
record reflects the following:

 

COURT:  All right. 
At this point in time, I'm going to ask you to disregard the last
statement made by this witness [Ramos]. 
And if you feel like you cannot disregard that, I need to know at this
point.  So I can rely that each of you
can disregard that last comment made by the witness as struck from the record;
is that correct?

 

JURY:  (Nodding heads).

 

COURT:  All right. 
Hearing everyone saying they can agree, so we can proceed.  Thank you.