**Dariah JACKSON, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 13–00–653–CR.**

Court of Appeals of Texas,
Corpus Christi.

May 16, 2002.

---

David Barron, Attorney At Law, Bryan, for Appellant.

James Michael Kuboviak, Bryan, for State.

Before Chief Justice VALDEZ and Justices YAÑEZ and CASTILLO.

## OPINION

Opinion by Justice CASTILLO.

Appellant Dariah Jackson was found guilty in a non-jury trial of the Class B misdemeanor offense of criminal mischief. The following day, she was sentenced by the court to thirty days confinement in jail and a $300.00 fine. The confinement portion of her sentence was probated and she was placed on community supervision for one hundred and eighty days. In a single issue, appellant complains that she did not execute a written jury waiver or waive her right to a jury trial on the record. We affirm.

### Procedural Background

Appellant was charged by information on July 8, 1999. On July 26, 1999, appellant signed a document entitled "Waiver of arraignment, plea of not guilty and request for a bench/jury trial." The final clause of the document reads " ... [defendant] requests that this cause be set on the docket for a jury/bench trial." The word "bench" was stricken through in both places. The document was signed by appellant and her lawyer.

According to the docket sheet, the case was set for a guilty plea on January 14, 2000, but the plea was withdrawn. The case was then set for a jury trial on March 7, 2000, and several docket calls were held in January and February 2000, at which the parties announced ready, but the case did not go to trial. An entry on the docket sheet, dated April 17, 2000, indicated that the defense counsel requested a bench trial, was to file a waiver of a jury trial, and that the case was set as the second bench trial on June 9, 2000. On June 7, 2000, due to the prolongation of the preceding jury trial, the case was reset to June 16, 2000. On June 16, 2000, the case was not reached as another case went to a bench trial and the instant case was reset to

August 4, 2000. On August 3, 2000, a motion for continuance requested by the State was granted and the case was set for a bench trial on September 6, 2000.

On September 6, 2000, a bench trial was had on the information.[1] Neither appellant nor her counsel made any objection to the holding of a bench trial, nor was any request made on that date for a jury trial. Appellant was found guilty and the parties commenced argument on punishment to the court, but sentence was not pronounced on that date, apparently due to the lateness of the hour. The judgment was signed on the following day, September 7, 2000, and indicated that appellant had waived the right to a jury. No objection was ever lodged against the judgment by appellant. No motion for new trial was filed. Notice of appeal was filed the same day the judgment was signed.

This Court abated the appeal and remanded it back to the trial court for a hearing to determine whether appellant waived her right to a jury trial and consented to a bench trial. The trial court held a hearing and made the following findings of fact:

1. The defendant, Dariah Jackson requested a jury trial in January 2000.

2. On April 17, 2000, defendant's attorney requested a bench trial in open court, and indicated his intent to file a waiver of jury trial.

3. No written jury waiver has ever been filed in this case.

The trial court also forwarded the transcript of a "status of prosecution" hearing

held, apparently at the behest of the appellant, on April 17, 2000. The entire transcription of the brief proceeding is as follows:

THE COURT: Mr. [defense counsel]?

DEFENSE COUNSEL: Judge this is set set [sic] for status of prosecution.

COURT: This is Cause No. 2684–99, Dariah Jackson–State of Texas versus Dariah Jackson, status of prosecution. What does that mean?

PROSECUTOR: I have no idea, Judge.

DEFENSE COUNSEL: It's to see where the case is on the docket.

COURT: That's all?

DEFENSE COUNSEL: Yes, sir. We would request a bench trial.

PROSECUTOR: We would ask them to file waivers of jury trial.

DEFENSE COUNSEL: Well, we'll do that.

COURT: Okay. Thank you. I guess that's all we need on that case.

Thank you.

DEFENSE COUNSEL: Thank you, Judge.

No written waiver of a jury trial appears in the record.[2]

### Jury Waiver and Standard of Harm Analysis

■■■ The code of criminal procedure requires that, in order to waive the right to a trial by jury, a defendant in a criminal prosecution must make such waiver in person and in writing, in open court, with the

---

1. The docket sheet incorrectly states that a plea of guilty was entered on that date.

2. This Court also ordered the trial court clerk to file a supplemental record with this Court containing any waiver of a jury trial filed by appellant or to certify to this Court that no such document was filed. The clerk filed with this Court a supplemental record containing the document previously described containing the request for a jury trial and a pro forma certificate certifying that the documents attached were those specified by the appellate rules and all other documents timely requested by a party to the proceedings as per the rules.

consent and approval of the court and the attorney representing the State. TEX. CODE CRIM. PROC. ANN. art. 1.13(a)(Vernon Supp.2002). This applies to misdemeanor as well as felony cases. *State ex. rel. Curry v. Carr*, 847 S.W.2d 561, 562 (Tex. Crim.App.1992). The failure to waive the right to a jury trial in this manner is a statutory error, not a constitutional error. *Ex parte Sadberry*, 864 S.W.2d 541, 543 (Tex.Crim.App.1993). Such error is subject to a harm analysis. *Cain v. State*, 947 S.W.2d 262, 264 (Tex.Crim.App.1997); *Salinas v. State*, 987 S.W.2d 922, 923 (Tex. App.-Corpus Christi 1999, no pet.)(op. on remand). Thus, where no waiver of jury trial has been secured, the reviewing court must determine whether the defendant's substantial rights have been affected. *Salinas*, 987 S.W.2d at 923. If no substantial rights have been affected, the error must be overlooked. TEX.R.APP. P. 44.2(b).

We are aware that a number of our sister courts have chosen to adopt the federal jury waiver test in cases where no written waiver appears in the record. *Lopez v. State*, 71 S.W.3d 511, 514 (Fort Worth, 2002, no pet. h.); *Garza v. State*, 61 S.W.3d 585, 589 (Tex.App.-San Antonio 2001, no pet.); *Whitmire v. State*, 33 S.W.3d 330, 334 (Tex.App.Eastland 2000, no pet.); *Loveless v. State*, 21 S.W.3d 582, 584 (Tex.App.-Dallas 2000, pet. filed); *Sluis v. State*, 11 S.W.3d 410, 412 (Tex. App.-Houston [1st Dist.] 2000, pet. filed). The federal jury waiver test provides that a defendant's substantial rights are affect-ed unless the record clearly reflects that the defendant personally gave express consent in open court, intelligently and knowingly. *Lopez*, at 514. The court of criminal appeals has recently rejected this test in *Johnson v. State*, 72 S.W.3d 346, 349-50 (2002), finding that the ordinary harm analysis standard under rule 44.2(b) should be applied, without the presumption of harmfulness which the federal test imparts. Thus our harm analysis remains that which the court of criminal appeals referenced to us in *Salinas v. State*, 980 S.W.2d 219, 219 (Tex.Crim.App.1998)(citing *Cain v. State*, 947 S.W.2d 262, 264 (Tex.Crim.App.1997)).

■ Generally, an error would affect a substantial right "if it had a 'substantial or injurious influence' on the trier." *Salinas*, 987 S.W.2d at 923 (quoting *Kotteakos v. United States*, 328 U.S. 750, 776, 66 S.Ct. 1239, 90 L.Ed. 1557 (1946) and *King v. State*, 953 S.W.2d 266, 271 (Tex.Crim. App.1997)). However, the court of criminal appeals in *Johnson* held that the *King* test is not helpful in evaluating harm in a non-jury proceeding. *Johnson*, at 347–48. Instead, we are to determine whether the record reflects that appellant understood her right to a jury trial before her bench trial began. *Id.* at 348–49.[3]

### Discussion

■ In the present case, no written jury waiver was filed. We therefore find that

---

**3.** Although we are bound to follow the court of criminal appeals, we agree with Judge Meyers that *King* can be applied to a non-jury proceeding. *Johnson*, at 351–52 (Meyers, J., dissenting). By the majority's analysis, the *King* test could never be adapted to a bench trial or plea situation. There is nothing in *King*, either explicitly or implicitly, that limits it to a trier of fact that is a jury versus a trier of fact that is a judge and nothing in its logic that relies on that question. The crux of the *King* test is simply that a substantive right is affected when it has had a substantial and injurious effect on the trier of fact. Thus when we faced that issue in *Salinas*, where the ultimate trier of fact was a judge, we found no difficulty in applying the *King* test-we simply substituted "trier" for "jury." *See Salinas*, 987 S.W.2d at 923. However, for the purposes of this opinion, it matters not which test is utilized as the result is the same under either.

there was error and consider now whether such error was harmful.

Appellant does not argue on appeal that her right to a jury trial was violated. She does not argue that she was deprived of a jury trial. At the time of trial, neither she nor her attorney objected to the lack of a jury trial. Appellant did not file a motion for new trial. Appellant did not request a correction of the judgment which stated that she had waived her right to a trial by jury. Appellant does not claim on appeal that her attorney was ineffective for allowing her to be tried in a bench trial. Rather, appellant argues that she "merely acquiesced" to the bench trial and such action was not sufficient to constitute a waiver.

Appellant's use of the phrase "merely acquiesced" in light of the facts of this case is disingenuous at best. Appellant's counsel, in open court, *requested* a bench trial and assured the trial court that a written waiver of a jury would be subsequently filed. There is nothing in the record reflecting that the State ever requested a bench trial. Appellant had a bench trial because *her attorney requested it.* Accordingly, either: 1) appellant agreed with her counsel and wanted to waive a jury and have a bench trial; or 2) appellant did not agree with her counsel, and counsel failed in his professional duty to his client by requesting a bench trial contrary to his client's wishes. If the first scenario is true, then appellant has suffered no harm because appellant cannot complain of having received something she desired and requested through counsel. If the second scenario is true, and counsel violated his

duty to his client by requesting a bench trial without authority and against her wishes, then appellant would indeed have been harmed. However, in such a scenario, we would have expected a motion for new trial raising such complaint or at least an issue on appeal raising a claim of ineffective assistance of counsel. In a criminal case, an attorney has the specific responsibility under the Texas Disciplinary Rules of Professional Conduct to abide by the client's decision, after consultation with the client, on the issue of whether to waive a jury trial. TEX. DISCIPLINARY R. PROF'L CONDUCT 1.02(a)(3), *reprinted in* TEX. GOV'T CODE ANN., tit. 2, subtit. G app. A (Vernon Supp.2002). We presume that counsel exercised his professional responsibility toward his client, both in consulting with her regarding her desire to waive a jury trial and in carrying out her wishes regarding the same by requesting a bench trial. There is certainly no evidence in the record that would indicate that the attorney failed in his professional responsibility under this rule.

 Moreover, contrary to appellant's allegations on appeal, the record is not silent on the issue of jury waiver. First, there is the judgment, which indicates that appellant waived her right to trial by jury and which was never challenged for its correctness.[4] The court of criminal appeals has held that this alone is sufficient, in the absence of direct proof of its falsity, to find that there is no harm in a violation of article 1.13(a). *Johnson,* at 348–49. Additionally, there is the affirmative request by the defense for a bench trial,

---

4. We are bound to presume the regularity of a judgment. *Meek v. State,* 851 S.W.2d 868, 870 (Tex.Crim.App.1993). To overcome the presumption of regularity, a defendant must object to the accuracy of the judgment or affirmatively disprove the disputed recitation. *Id.* In the present case, unlike that before the

*Meek* court, the defendant has not denied signing a waiver, nor do the findings of facts submitted to us by the trial court touch on the question of whether a written waiver was ever *signed.* Rather, the findings made only revealed that no written waiver was ever *filed.*

made in a special hearing apparently requested by the defense for the purpose of securing a bench trial. This desire and request for a bench trial was never denied, repudiated, withdrawn, or complained of by appellant before, during, or after trial, even in the face of several continuances and re-settings for the bench trial. Even on appeal, appellant does not complain that she did not know of her right to a jury trial or was deprived of her right to trial by jury. Nor does she claim that she wanted a jury trial or that she did not intend to waive a jury trial. Like the defendant in *Sadberry,* she only claims that her "conviction should be set aside because [her] signature does not appear on the statutorily prescribed jury waiver form." *Sadberry,* 864 S.W.2d at 543. However, unlike *Sadberry,* the instant case is one in which the appellant specifically sought a non-jury trial and requested such from the court.[5] Accordingly, as appellant, through her counsel, actively sought and petitioned for a bench trial in lieu of a jury trial, and the record reflects that she was aware of her right to a jury trial prior to the commencement of her bench trial, we cannot say that she was harmed by the failure of her attorney to file a written waiver of her right to jury. *Johnson,* at 347–49. We will not find harm in appellant receiving the bench trial she requested.

### Conclusion

Having overruled appellant's sole issue, we affirm the judgment of the trial court.

---

5. *Sadberry* is also distinguishable because it involved a post-conviction writ of habeas corpus.

However, in that case, the court of criminal appeals, as we do today, frowned on finding harm for non-procedural compliance with article 1.13 where there was no contention by the applicant that he had desired and had been deprived of a jury trial. *Sadberry,* 864 S.W.2d at 543.