

# COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

**NO. 2-08-045-CR**

HOLLAND SMITH                                                                    APPELLANT

V.

THE STATE OF TEXAS                                                                    STATE

------------

FROM THE 16TH DISTRICT COURT OF DENTON COUNTY

------------

## MEMORANDUM OPINION[1]

------------

Appellant Holland Smith entered an open plea of guilty to the offense of felony DWI. The trial court found him guilty and sentenced him to five years' confinement. Smith obtained new counsel, who filed a motion for new trial raising ineffective assistance of counsel. Numerous character witnesses and Smith, as well as trial counsel, testified at the new trial hearing. The trial court denied Smith's motion for a new trial, and Smith perfected this appeal. In a

---

[1] *See* Tex. R. App. P. 47.4.

single point, Smith claims that he was denied effective assistance of counsel at the punishment phase. We will affirm.

To establish ineffective assistance of counsel, appellant must show by a preponderance of the evidence that his counsel's representation fell below the standard of prevailing professional norms and that there is a reasonable probability that, but for counsel's deficiency, the result of the trial would have been different. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984); *Salinas v. State*, 163 S.W.3d 734, 740 (Tex. Crim. App. 2005); *Mallett v. State*, 65 S.W.3d 59, 62–63 (Tex. Crim. App. 2001); *Thompson v. State*, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999); *Hernandez v. State*, 988 S.W.2d 770, 770 (Tex. Crim. App. 1999).

In evaluating the effectiveness of counsel under the first prong, we look to the totality of the representation and the particular circumstances of each case. *Thompson*, 9 S.W.3d at 813. The issue is whether counsel's assistance was reasonable under all the circumstances and prevailing professional norms at the time of the alleged error. *See Strickland*, 466 U.S. at 688–89, 104 S. Ct. at 2065. Review of counsel's representation is highly deferential, and the reviewing court indulges a strong presumption that counsel's conduct fell within a wide range of reasonable representation. *Salinas*, 163 S.W.3d at 740; *Mallett*, 65 S.W.3d at 63. A reviewing court will rarely be in a position on

2

direct appeal to fairly evaluate the merits of an ineffective assistance claim. *Thompson*, 9 S.W.3d at 813–14. "In the majority of cases, the record on direct appeal is undeveloped and cannot adequately reflect the motives behind trial counsel's actions." *Salinas*, 163 S.W.3d at 740 (quoting *Mallett*, 65 S.W.3d at 63). To overcome the presumption of reasonable professional assistance, "any allegation of ineffectiveness must be firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness." *Id.* (quoting *Thompson*, 9 S.W.3d at 813). It is not appropriate for an appellate court to simply infer ineffective assistance based upon unclear portions of the record. *Mata v. State*, 226 S.W.3d 425, 432 (Tex. Crim. App. 2007).

Here, Smith asserts two grounds for his claim that counsel was ineffective at the punishment phase: he claims that counsel failed to interview, subpoena, or call character witnesses despite Smith's request and that counsel failed to offer into evidence Smith's alcohol treatment records. Smith's trial counsel testified at the new trial hearing. Concerning the character witnesses, Smith's counsel explained that she had sent Smith several letters requesting that he provide her with the names, addresses, and contact information of any witnesses. These letters were introduced into evidence at the motion for new trial hearing. Smith's counsel testified that Smith provided her with a list of six

3

witnesses and that her office contacted them. Trial counsel said that some of the witnesses' opinions or knowledge contradicted Smith's. Trial counsel testified, however, that "[a]fter discussing the possible open plea with Mr. Smith and the fact that we were previously scheduled for pretrial, Mr. Smith informed me that he would contact the witnesses that he wanted to appear for the open plea." She said that Smith "in a way" explained to her why he wanted to bring these witnesses himself; she did not agree with his reasons.

Trial counsel also testified that she recommended that Smith either take the State's two-year plea offer or go to trial; she did not recommend an open plea. Trial counsel explained, however, that Smith "informed my office staff and myself that . . . a friend that had a lawyer friend here in Denton that was going to speak with the Judge about probation, and he believed the Judge, if he went forward with an open plea, would give him probation after speaking with the lawyer here."

A letter that trial counsel had written to Smith concerning the preparation of a PSI report was also introduced into evidence at the motion for new trial hearing. In that letter, trial counsel told Smith that "you should supply the interviewing officer with as much positive information as you can . . . character references, etc., and all other information you may have to show your rehabilitation ability." Smith testified that, despite this letter, during his

4

interview for preparation of the PSI he did not provide the names of any of the witnesses he now contends should have been called to testify at the punishment phase.

Concerning the documentary evidence of Smith's attendance of AA and ANIMO, Smith's trial counsel testified that she talked with him about both these programs at length. She said that Smith had told her his attendance was sporadic and that he did not provide her with the names of persons associated with ANIMO or with the name of his AA sponsor.

Smith's testimony conflicted with that of his trial counsel's. He testified that he did not know he was supposed to bring witnesses to the open plea, that he did not tell his trial counsel he would bring witnesses to the open plea, that he did not understand what an open plea was, and that his trial counsel did not explain it to him.

Nine character witnesses testified at the motion for new trial hearing. All agreed that they had not seen Smith drink since the DWI at issue here.

Evaluating Smith's ineffectiveness claims under *Strickland*'s first prong, there is a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance. *See Thompson*, 9 S.W.3d at 813. Trial counsel here offered an explanation for her challenged conduct in not subpoenaing character witnesses to the open plea hearing (Smith indicated he

5

would contact them and make sure they were present) and in not offering Smith's alcohol treatment records into evidence (she believed from Smith's statements that they were not favorable to Smith because they showed sporadic attendance and Smith never provided her with the names of persons to contact about the records). *Accord Acosta v. State*, 160 S.W.3d 204, 210 (Tex. App.—Fort Worth 2005, no pet.) (holding trial court did not abuse its discretion by denying motion for new trial claiming ineffectiveness of counsel when counsel's new trial testimony offered explanation for challenged conduct). We are not to second guess counsel's strategy through hindsight, nor will the fact that another attorney might have pursued a different course support a finding of ineffectiveness. *Blott v. State*, 588 S.W.2d 588, 592 (Tex. Crim. App. 1979). Moreover, as pointed out by the State, counsel is typically not ineffective for following the wishes of his or her client. *See, e.g., Jackson v. State*, 76 S.W.3d 798, 802 (Tex. App.—Corpus Christi 2002, no pet.). In short, the record before us fails to establish by a preponderance of the evidence that counsel's challenged conduct was not reasonable under the totality of the circumstances and prevailing professional norms. We hold that the record

before us does not satisfy the first prong of the *Strickland* test, and we overrule Smith's sole point.

Having overruled Smith's sole point, we affirm the trial court's judgment.


PER CURIAM


PANEL: WALKER, J.; CAYCE, C.J.; and MCCOY, J.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: November 6, 2008

7