COURT
OF APPEALS

                                         SECOND
DISTRICT OF TEXAS

                                                     FORT
WORTH

 

 

                                           NO.
2-08-045-CR

 

 

HOLLAND SMITH                                                                 APPELLANT

 

                                                      V.

 

THE STATE OF TEXAS                                                                 STATE

 

                                                  ------------

 

               FROM
THE 16TH DISTRICT COURT OF DENTON COUNTY

 

                                                  ------------

 

                                  MEMORANDUM
OPINION[1]

 

                                                  ------------








Appellant Holland Smith
entered an open plea of guilty to the offense of felony DWI.  The trial court found him guilty and
sentenced him to five years= confinement.  Smith obtained
new counsel, who filed a motion for new trial raising ineffective assistance of
counsel.  Numerous character witnesses
and Smith, as well as trial counsel, testified at the new trial hearing.  The trial court denied Smith=s motion for a new trial, and Smith perfected this appeal.  In a single point, Smith claims that he was
denied effective assistance of counsel at the punishment phase.  We will affirm.

To establish ineffective
assistance of counsel, appellant must show by a preponderance of the evidence that
his counsel=s
representation fell below the standard of prevailing professional norms and
that there is a reasonable probability that, but for counsel=s deficiency, the result of the trial would have been different.  Strickland v. Washington, 466 U.S.
668, 687, 104 S. Ct. 2052, 2064 (1984); Salinas v. State, 163 S.W.3d
734, 740 (Tex. Crim. App. 2005); Mallett v. State, 65 S.W.3d 59, 62B63 (Tex. Crim. App. 2001); Thompson v. State, 9 S.W.3d
808, 812 (Tex. Crim. App. 1999); Hernandez v. State, 988 S.W.2d 770, 770
(Tex. Crim. App. 1999).








In evaluating the
effectiveness of counsel under the first prong, we look to the totality of the
representation and the particular circumstances of each case.  Thompson, 9 S.W.3d at 813.  The issue is whether counsel=s assistance was reasonable under all the circumstances and prevailing
professional norms at the time of the alleged error.  See Strickland, 466 U.S. at 688B89, 104 S. Ct. at 2065.  Review
of counsel=s
representation is highly deferential, and the reviewing court indulges a strong
presumption that counsel=s conduct
fell within a wide range of reasonable representation.  Salinas, 163 S.W.3d at 740; Mallett,
65 S.W.3d at 63.  A reviewing court will
rarely be in a position on direct appeal to fairly evaluate the merits of an
ineffective assistance claim.  Thompson,
9 S.W.3d at 813B14.  AIn the majority of cases, the record on direct appeal is undeveloped
and cannot adequately reflect the motives behind trial counsel=s actions.@  Salinas, 163 S.W.3d at 740 (quoting Mallett,
65 S.W.3d at 63).  To overcome the
presumption of reasonable professional assistance, Aany allegation of ineffectiveness must be firmly founded in the
record, and the record must affirmatively demonstrate the alleged
ineffectiveness.@  Id. (quoting Thompson, 9 S.W.3d
at 813).  It is not appropriate for an
appellate court to simply infer ineffective assistance based upon unclear
portions of the record.  Mata v. State,
226 S.W.3d 425, 432 (Tex. Crim. App. 2007).








Here, Smith asserts two
grounds for his claim that counsel was ineffective at the punishment
phase:  he claims that counsel failed to
interview, subpoena, or call character witnesses despite Smith=s request and that counsel failed to offer into evidence Smith=s alcohol treatment records. 
Smith=s trial
counsel testified at the new trial hearing. 
Concerning the character witnesses, Smith=s counsel explained that she had sent Smith several letters requesting
that he provide her with the names, addresses, and contact information of any
witnesses.  These letters were introduced
into evidence at the motion for new trial hearing. Smith=s counsel testified that Smith provided her with a list of six  witnesses and that her office contacted
them.  Trial counsel said that some of
the witnesses= opinions or
knowledge contradicted Smith=s.  Trial counsel testified,
however, that A[a]fter
discussing the possible open plea with Mr. Smith and the fact that we were
previously scheduled for pretrial, Mr. Smith informed me that he would contact
the witnesses that he wanted to appear for the open plea.@  She said that Smith Ain a way@ explained
to her why he wanted to bring these witnesses himself; she did not agree with
his reasons.

Trial counsel also testified
that she recommended that Smith either take the State=s two-year plea offer or go to trial; she did not recommend an open
plea.  Trial counsel explained, however,
that Smith Ainformed my
office staff and myself that . . . a friend that had a lawyer friend here in
Denton that was going to speak with the Judge about probation, and he believed
the Judge, if he went forward with an open plea, would give him probation after
speaking with the lawyer here.@ 








A letter that trial counsel
had written to Smith concerning the preparation of a PSI report was also
introduced into evidence at the motion for new trial hearing.  In that letter, trial counsel told Smith that
Ayou should supply the interviewing officer with as much positive
information as you can . . . character references, etc., and all other
information you may have to show your rehabilitation ability.@  Smith testified that, despite
this letter, during his interview for preparation of the PSI he did not provide
the names of any of the witnesses he now contends should have been called to
testify at the punishment phase.

Concerning the documentary
evidence of Smith=s attendance
of AA and ANIMO, Smith=s trial
counsel testified that she talked with him about both these programs at length.  She said that Smith had told her his
attendance was sporadic and that he did not provide her with the names of
persons associated with ANIMO or with the name of his AA sponsor.  

Smith=s testimony conflicted with that of his trial counsel=s.  He testified that he did not
know he was supposed to bring witnesses to the open plea, that he did not tell
his trial counsel he would bring witnesses to the open plea, that he did not
understand what an open plea was, and that his trial counsel did not explain it
to him.  

Nine character witnesses
testified at the motion for new trial hearing. 
All agreed that they had not seen Smith drink since the DWI at issue
here.








Evaluating Smith=s ineffectiveness claims under Strickland=s first prong, there is a strong presumption that counsel=s conduct fell within the wide range of reasonable professional
assistance.  See Thompson, 9
S.W.3d at 813.  Trial counsel here
offered an explanation for her challenged conduct in not subpoenaing character
witnesses to the open plea hearing (Smith indicated he would contact them and
make sure they were present) and in not offering Smith=s alcohol treatment records into evidence (she believed from Smith=s statements that they were not favorable to Smith because they showed
sporadic attendance and Smith never provided her with the names of persons to
contact about the records).  Accord
Acosta v. State, 160 S.W.3d 204, 210 (Tex. App.CFort Worth 2005, no pet.) (holding trial court did not abuse its
discretion by denying motion for new trial claiming ineffectiveness of counsel
when counsel=s new trial
testimony offered explanation for challenged conduct).  We are not to second guess counsel=s strategy through hindsight, nor will the fact that another attorney
might have pursued a different course support a finding of
ineffectiveness.  Blott v. State,
588 S.W.2d 588, 592 (Tex. Crim. App. 1979). 
Moreover, as pointed out by the State, counsel is typically not
ineffective for following the wishes of his or her client.  See, e.g., Jackson v. State, 76 S.W.3d
798, 802 (Tex. App.CCorpus
Christi 2002, no pet.).  In short, the
record before us fails to establish by a preponderance of the evidence that
counsel=s challenged conduct was not reasonable under the totality of the
circumstances and prevailing professional norms.  We hold that the record 

 

 

 








before us does not satisfy the first prong of the
Strickland test, and we overrule Smith=s sole point.

Having overruled Smith=s sole point, we affirm the trial court=s judgment.

 

PER CURIAM

 

 

PANEL:
WALKER, J.; CAYCE, C.J.; and MCCOY, J.

 

DO
NOT PUBLISH

Tex.
R. App. P. 47.2(b)

 

DELIVERED:  November 6, 2008











[1]See Tex.
R. App. P. 47.4.