IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-07-00211-CR

No. 10-07-00212-CR

 

Steve O'Neal Green,

                                                                                    Appellant

 v.

 

The State of Texas,

                                                                                    Appellee

 

 

 



From the 272nd District
Court

Brazos County, Texas

Trial Court Nos. 05-05909-CRF-272
and 07-00573-CRF-272

 



memorandum  Opinion



 

In cause number 10-07-00211-CR, the
trial court revoked Steve O’Neal Green’s community supervision and sentenced
him to ten years in prison for injury to a child.  In cause number
10-07-00212-CR, the trial court found Green guilty of theft and sentenced him
to twenty-four months in state jail.  The theft charge was a ground for
revocation and the trial court heard both causes in a unified proceeding.  On
appeal, Green’s appellate counsel argues that: (1) the trial court failed to
conduct an inquiry into Green’s competency to stand trial; and (2) Green was
denied his right to a jury trial.  Green has also filed a pro se
supplemental brief raising various points of error.  We affirm the judgments as
modified.

Pro Se Pleadings

 

We first address Green’s status as a pro
se litigant before this court.  Both Green and his appointed appellate
counsel have filed briefs in this matter.

A criminal appellant has no right to
hybrid representation.  Ex parte Taylor, 36 S.W.3d 883, 887 (Tex. Crim.
App. 2001); Meyer v. State, 27 S.W.3d 644, 648 (Tex. App.—Waco
2000, pet. ref’d).  Generally, when an appellant has counsel and
counsel has filed a brief, the appellant has no right to file a pro se
brief.  This prohibition on hybrid representation is not absolute.  See, e.
g., Warren v. State, 98 S.W.3d 739, 741 (Tex.
App.—Waco 2003, pet. ref’d).  We may consider a pro se brief
if the interests of justice require us to do so.  The State contends that we
cannot address Green’s pro se points because doing so would violate his
Sixth Amendment right to counsel.

We have previously considered pro se
issues in the interest of justice even though an appellant has no right to
hybrid representation.  See Williams v. State, 946 S.W.2d 886, 892 (Tex. App.—Waco
1997, no pet.); see also Guyton v. State,
2009 WL 290935, at *2 (Tex. App.—Waco Feb.
6, 2009, pet. granted) (not designated for publication).  We will follow our precedent.  Having
reviewed Green’s pro se supplemental brief, we find that the interests
of justice require us to address his issues raised pro se.[1]
 See Williams, 946 S.W.2d at 892; see
also Guyton, 2009 WL
290935, at *2.








Competency

 

In cause numbers 10-07-00211-CR and
10-07-00212-CR, Green’s appellate counsel argues that the trial court abused
its discretion by failing to conduct an inquiry into Green’s competency to
stand trial.  Green also raises this issue in his pro se brief.

On the suggestion that the defendant is
incompetent to stand trial, “the court shall determine by informal inquiry
whether there is some evidence from any source that would support a finding
that the defendant may be incompetent to stand trial.”  Tex. Code Crim.
Proc. Ann. art. 46B.003(c)
(Vernon 2006).   “If after an informal inquiry the court
determines that evidence exists to support a finding of incompetency, the court
shall order an examination under Subchapter B to determine whether the
defendant is incompetent to stand trial in a criminal case.”  Id. art.
46B.005(a).

In Pate v. Robinson, [383 U.S. 375, 86 S.Ct. 836, 15 L.Ed.2d 815 (1966)] Illinois conceded that “the conviction of an accused
person while he is legally incompetent violates due process, and that state
procedures must be adequate to protect this right.” [Id. at 378, 86
S.Ct. 836.]  The Supreme Court went on to determine that “where the evidence
raises a ‘bona fide doubt’ as to a defendant’s competence to stand trial, the
judge on his own motion must impanel a jury and conduct a sanity hearing.”  [Id. at 385, 86 S.Ct. 836.]  Under Texas law, a defendant is incompetent to stand
trial if he does not have “sufficient present ability to consult with [his]
lawyer with a reasonable degree of rational understanding” or “a rational as
well as factual understanding of the proceedings against” him.  [Art. 46B.003.] 
A bona fide doubt is “a real doubt in the judge’s mind as to the defendant’s
competency.”  Alcott v. State, 51 S.W.3d 596, 599, n. 10 (Tex. Crim. App. 2001).]  Evidence raising a bona fide doubt “need not be sufficient to
support a finding of incompetence and is qualitatively different from such
evidence.”  [Id.]  Evidence is sufficient to create a bona fide doubt if
it shows “recent severe mental illness, at least moderate retardation, or truly
bizarre acts by the defendant.”  [McDaniel v. State, 98 S.W.3d 704, 710
(Tex. Crim. App. 2003).]  If any evidence that suggests the defendant may be
incompetent to stand trial comes to the trial court’s attention, the trial
court shall sua sponte “suggest that the defendant may be incompetent to stand
trial” and then “determine by informal inquiry whether there is some evidence
from any source that would support a finding that the defendant may be incompetent
to stand trial.”  [Art. 46B.004.]

 

Fuller v. State, 253 S.W.3d 220, 228 (Tex. Crim. App. 2008) (citations in footnotes in original).

If the evidence raises a bona-fide doubt
about a defendant’s competence, the trial court must conduct a competency inquiry.[2] 
See Fuller, 253 S.W.3d at 228.  We review a trial court’s decision not
to conduct a competency
inquiry or hearing for an abuse
of discretion.  See
 Moore v. State, 999 S.W.2d 385, 395-96 (Tex. Crim. App. 1999).

According to the pre-sentence
investigation report, Green had been admitted to Austin State Hospital on several occasions and periodically treated by MHMR since 1996.  Green had attempted
suicide on several occasions.  His current diagnosis was schizoaffective
disorder, personality disorder, and mild mental retardation.  Green was taking
medication.  The community supervision order states that Green suffers from a
“documented mental illness” and is a “mentally impaired offender.”

Community supervision officer Angela
Sullivan testified that Green was being seen by an MHMR doctor while in jail. 
Sullivan also met with Green to discuss his medication, any concerns, and the
case.  Green was receptive and cooperative.  Some days were better than
others.  Green sometimes had “rapid speech,” jumped from “subject to subject,”
and refused medication.  Sullivan and Green had discussed his need for
medication in order to comply with community supervision.  Sullivan opined that
it would be difficult for Green to comply without taking medication.  Green’s
mental health was a concern to Sullivan, who knew that Green had previously been
admitted to Austin State Hospital.

Green answered the trial court’s questions
without difficulty.  He understood that the State had filed a motion to revoke,
and he understood the revocation allegations.  He also understood the theft
allegations.  He declined the reading of the allegations for either case.  He understood
his right to a jury trial and indicated his satisfaction with his attorney’s
representation.  During his testimony, Green appeared to adequately understand
and respond to questions from both defense counsel and the State.  He testified
that he has had emotional, psychological, and psychiatric issues, has been to Austin State Hospital several times, and was diagnosed with severe depression.  He has
taken several different medications.  He said he had improved, although the
theft charge added to his stress, but he would “be all right.”  He was still
seeing a doctor, but his medications were constantly changing.  He complained
that he was taken off medication after a disciplinary action was filed against
him for hording medication, and he had been placed on a new medication that did
not “agree[] with [his] system,” causing loss of appetite and depression.  He
admitted having verbal disputes with the jailers.  Before being arrested, Green
held a job and was drawing SSI.  Green made several brief outbursts throughout the
bench trial.

The trial court noted that Green is
“mildly retarded” but “seem[ed] very able to speak, form complete sentences,
and grasp complicated concepts.”  “[Y]ou’ve not -- as far as I can tell, been
found incompetent to stand trial before and I don’t have anything before me
that insanity was ever raised as a defense and, from what I can see, I can see
why it wasn’t.”  The trial judge noted his prior concerns with ordering
community supervision because the State had represented that Green was
uncooperative and the case might be difficult to prosecute.  When the trial
court assessed punishment, Green responded, “I can’t do that man.”

Appellate counsel argues that Green’s competence
is questionable because of his (1) mental illness, status as a mentally
impaired offender, treatment, medication, commitment to a state hospital, and lack
of both treatment and medication before trial; and (2) Green’s inappropriate
outbursts during trial.  But
mental impairment alone does not establish Green’s inability to consult with
counsel or understand the proceedings against him.  See Moore, 999 S.W.2d at 395; see also Perez v.
State, 130 S.W.3d 881, 887-88 (Tex. App.—Corpus Christi 2004, no pet.)
(although above mildly
retarded range, defendant was not moderately retarded); Reeves v.
State, 46 S.W.3d 397, 400 (Tex. App.—Texarkana 2001, pet. dism’d) (evidence of suicide attempts does not reflect on
defendant’s “ability to understand or participate in the proceedings”); Grider v. State, 69 S.W.3d 681, 684-85 (Tex. App.—Texarkana 2002, no pet.) (evidence did not show that paranoid schizophrenic’s taking
medication, hearing voices, and seeing visions was incompetent).  Neither do Green’s outbursts,
although “inappropriate
violations of court decorum,” evidence an “inability to communicate with
counsel, or factually appreciate the proceedings against him.”  Moore, 999 S.W.2d at 395.  Green’s outbursts were “timely, topical, and
logically related” to what was occurring at trial.  Id.  If “unruly and
disruptive courtroom demeanor” was “probative of incompetence, one could
effectively avoid criminal justice through immature behavior.”  Id.

In summary, the record does not
demonstrate that Green suffers from an impairment that prevented him from
having the “sufficient present ability to consult with [his] lawyer with a
reasonable degree of rational understanding” or “a rational as well as factual
understanding of the proceedings against [him].”  Tex. Code Crim.
Proc. Ann. art. 46B.003(a). 
The record does not contain
sufficient evidence of any recent severe mental illness, bizarre acts, or
moderate retardation.  See Fuller, 253 S.W.3d at 228.  Because the evidence does not raise a bona-fide
doubt about Green’s competence, the trial court did not abuse its discretion by failing to conduct a competency inquiry.  See Grider, 69 S.W.3d at
685.  We overrule the first
issue in cause numbers 10-07-00211-CR and 10-07-00212-CR and Green’s pro se
incompetency issue.

Jury Waiver

 

            In cause number 10-07-00212-CR,
appellate counsel’s second issue addresses whether Green’s right to a jury
trial was denied because of the absence of a written jury waiver.  Green also
raises this issue in his supplemental brief.

Waiver of the right to a jury trial
“must be made in person by the defendant in writing in open court with
the consent and approval of the court, and the attorney representing the
State.”  Tex. Code Crim. Proc. Ann.
art. 1.13(a) (Vernon 2005) (emphasis added).  Absence of a written waiver in
the record constitutes statutory error subject to a harmless-error analysis.  See
Johnson v. State, 72 S.W.3d 346, 348 (Tex. Crim. App. 2000); Tex. R.
App. P. 44.2(b).

            Although the record contains
no written jury waiver, at both arraignment and trial, Green acknowledged on
the record that he had requested a bench trial.  See Jackson v. State,
76 S.W.3d 798, 802-03 (Tex. App.—Corpus Christi 2002, no pet.).  At
both proceedings, Green responded affirmatively to the trial court’s inquiries about
whether he understood his right to a jury trial and wished to waive that right. 
Thus, the record indicates that Green was both aware of and waived his right to
a jury trial.  See
Ford v. State, 2008 WL 4743498,
at *1-2 (Tex. App.—Dallas Oct. 30, 2008, no pet.) (mem. op.) (not designated
for publication).  Appellate counsel maintains that the
oral waiver was not knowingly and voluntarily made due to Green’s incompetence,
but we have already found that the record does not create a bona-fide doubt on
Green’s competence.

Moreover, the judgment states that a jury trial was
waived.  We are bound by this recitation “in the absence of direct proof of
[its] falsity.”  Johnson, 72 S.W.3d at 349.  Green does not
challenge the recitation in the judgment, and the record contains no evidence
of falsity.  See Jackson, 76 S.W.3d at 802.  The trial court’s failure to obtain a
written jury waiver did not affect Green’s substantial rights.  See Johnson, 72 S.W.3d at 349; see also Jackson, 76 S.W.3d at 803.  We overrule issue two in cause number 10-07-00212-CR.

Pro Se Issues

Green raises the following issues in his
supplemental brief: (1) the evidence is factually insufficient to support his theft
conviction; and (2) the judgment erroneously states that he pleaded “guilty” to
theft and pleaded “true” to the motion to revoke.

Factual Sufficiency

            Timothy Martinez and Trevor Maurer were delivering
cases of beer to a store when they observed a man removing a full case of beer
from the delivery truck.  Maurer had closed the bay before carrying a load
inside the store, but the bay had been partially opened.  When they spoke to the
man, he left the beer behind and fled.  Martinez testified that the case of
beer was worth $22 or $23.  Upon arriving at the scene, Officer David Long saw a
man matching the suspect’s description standing in the parking lot.  The man told
Long that he was “hanging around.”  After Martinez and Maurer identified the
man as the thief, Long again approached him and identified him as Green.  Green
denied taking any beer and claimed to be watching the truck to prevent someone
from stealing the beer.  Both Martinez and Maurer identified Green at trial.    

A person commits an offense if he
unlawfully appropriates property with intent to deprive the owner of property. 
Tex.
Pen. Code Ann. § 31.03(a) (Vernon Supp. 2008).  “Appropriate”
means to acquire or otherwise exercise control over property other than real
property.  Id. § 31.01(4)(B) (Vernon Supp. 2008).

Both Martinez and Maurer observed that
the closed bay had been opened and Green was removing a case of beer from the
delivery truck.  Although the case of beer was not actually taken, “asportation—the act of carrying away
or removing property—is not an element of statutory theft.”  Hawkins v. State, 214 S.W.3d
668, 670 (Tex. App.—Waco 2007, no pet.) (defendant picked up roll of barbed wire but dropped
it and fled when spotted by employee; evidence was legally and factually
sufficient to support theft even though defendant did not successfully steal
wire.).  Moreover, the trial court was entitled to disregard Green’s claim that he was merely watching
the truck to prevent theft of the beer.  See Winkley v. State, 123
S.W.3d 707, 711-12 (Tex. App.—Austin 2003, no pet.). 
The proof of guilt is not so weak nor the
conflicting evidence so strong as to render the jury’s verdict clearly wrong or
manifestly unjust.  Watson v. State, 204 S.W.3d 404, 414-15 (Tex.
Crim. App. 2006); Johnson v. State, 23 S.W.3d 1, 11 (Tex. Crim.
App. 2000).  The evidence is factually sufficient to sustain Green’s
conviction.  We overrule Green’s first supplemental issue.

Typographical Errors

            At the bench trial, Green pleaded “not
true” to the allegations in the motion to revoke and pleaded “not guilty” to
the theft offense, yet the judgments state that Green pleaded “guilty” to theft
and “true” to the motion to revoke.

The oral pronouncements in the record control
over the written judgment.  Taylor v. State, 131 S.W.3d 497, 500 (Tex. Crim. App.
2004).  The solution in
those cases in which the oral pronouncement and the written judgment conflict
is to reform the written judgment to conform to the sentence that was orally
pronounced.  Thompson v.
State, 108 S.W.3d 287,
290 (Tex. Crim. App. 2003); see Tex.
R. App. P. 43.2(b).  We, therefore, sustain Green’s second supplemental point, reform
the judgment in cause number 10-07-00211-CR to reflect that Green pleaded “not
true” to the motion to revoke, and reform the judgment in cause number
10-07-00212-CR to reflect that Green pleaded “not guilty” to the theft offense.

 

 

The trial court’s judgments are affirmed
as modified.  

    

                                                                                    REX D. DAVIS

Justice

 

Before Chief
Justice Gray,

Justice
Reyna, and

Justice
Davis

(Chief
Justice concurs with a note)*

Affirmed as
modified

Opinion
delivered and filed June 24, 2009

Do not publish

[CR25]

 

*(Chief Justice Gray joins no part of
the Court’s opinion and specifically disapproves of allowing hybrid
representation.  A separate opinion will not follow.  He notes, however, that
he disagrees with the implied determination that appointed appellate counsel is
so ineffective that in the interest of justice it is necessary to allow hybrid
representation which has been uniformly condemned by the Court of Criminal
Appeals and is certainly unnecessary in this instance because its consideration
does not impact the substance of the trial court’s judgment.  I would simply
affirm the trial court’s judgment.  Because the Court effectively does that, I
concur in the substance of the judgment.)









[1]  By considering Green’s pro se
issues, we do not determine that Green’s appointed counsel is ineffective.





[2] Citing Green v.
State, 225 S.W.3d 324 (Tex. App.—San Antonio 2007, pet. ref’d), Green’s
counsel argues that the “bona-fide doubt” standard no longer applies.  Green
holds that, unlike the former statute, article 46B.004 “uses the terms
‘suggest’ and ‘suggestion’ with regard to when a court must conduct a
competency inquiry;” thus, it is no longer necessary that the record “contain
evidence raising a ‘bona-fide doubt.’”  Id. at 329 n.3; compare Tex. Code Crim. Proc. Ann. 46B.004
(Vernon 2006) (current statute) with Act of May 29, 1975, 64th Leg.
R.S., ch. 415, 1975 Tex. Gen. Laws
1095-96, repealed by Acts of April 30, 2003, 78th Leg. R.S., ch. 35 §
15, 2003 Tex. Gen. Laws 57, 72
(former statute).  But both we and the Court of Criminal
Appeals have continued using the bona-fide doubt standard.  See Fuller v. State, 253 S.W.3d
220, 228 (Tex. Crim. App. 2008); Walker v. State, 2006 WL 1350173, at *2 (Tex. App.—Waco May 17, 2006, no
pet.) (mem. op.) (not designated for publication).