# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-09-00105-CR

**Ex parte Patrick Overman**

### FROM THE DISTRICT COURT OF BASTROP COUNTY, 21ST JUDICIAL DISTRICT NO. 9193-A, HONORABLE TERRY FLENNIKEN, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Patrick Overman seeks to appeal the district court's order denying relief in a post-conviction habeas corpus proceeding brought pursuant to article 11.072. *See* Tex. Code Crim. Proc. Ann. art. 11.072 (West 2005). We dismiss the appeal for want of jurisdiction.

In February 2001, Overman was convicted in Bastrop County cause number 9193 for felony driving while intoxicated. Overman was sentenced to imprisonment for ten years, but imposition of sentence was suspended, and he was placed on community supervision for ten years. The conviction was affirmed on appeal. *Overman v. State*, No. 03-01-00254, 2002 Tex. App. LEXIS 1877 (Tex. App.—Austin Mar. 14, 2002, no pet.) (not designated for publication). Overman filed this habeas corpus application on April 19, 2005. [1] The court conducted an evidentiary hearing the

---

[1] The habeas corpus application is styled an amended application. This is because an earlier habeas corpus application challenging the conviction, filed on January 14, 2003, was still pending in the district court. The order Overman seeks to appeal addresses only contentions raised in the April 19, 2005 application.

same day. The court's written order denying relief and making findings of fact and conclusions of law was signed and filed on April 6, 2006.

Overman filed his notice of appeal from the district court's order on December 12, 2008. Overman acknowledges that the notice was not filed within thirty days after the order was entered. *See* Tex. R. App. P. 26.2(a)(1). He argues that the Court should nevertheless consider the appeal to be perfected because the notice of appeal was filed within thirty days after he received notice of the district court's order. Overman's counsel states in his brief that the district clerk did not send a copy of the court's order to counsel or to Overman as required by statute. *See* Tex. Code Crim. Proc. Ann. art. 11.072, § 7(b) (West 2005). Counsel states that he did not receive a copy of the April 2006 order until November 25, 2008. The State does not contest these statements, which we will accept as true.[2]

Overman cites no statute, rule, or opinion supporting his contention that his notice of appeal should be considered timely. He acknowledges that the case law is against him. *See Slaton v. State*, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998). In *Slaton*, the court of criminal appeals held that compliance with rule 26 is essential to vest a court of appeals with jurisdiction, and further held that courts of appeals may not suspend the requirements of the rule. *Id*. In so holding, the court reaffirmed an earlier opinion requiring strict compliance with the rules regarding perfection of appeals. *See Olivo v. State*, 918 S.W.2d 519, 522-23 (Tex. Crim. App. 1996). Under *Slaton* and

---

[2] The State does contend that it notified Overman's counsel of the district court's order when it referred to it in a written reply, filed on June 18, 2008, to another habeas corpus application.

*Olivo*, we lack jurisdiction to dispose of this cause in any manner other than by dismissing it for want of jurisdiction.

In order to avoid the necessity for a remand from the court of criminal appeals should Overman successfully challenge our dismissal of the appeal, we will briefly address the merits of the writ application. Overman contends that his felony conviction in Bastrop County is invalid because one of the misdemeanor convictions alleged pursuant to section 49.09 is void. *See* Tex. Penal Code Ann. § 49.09(b)(2) (West Supp. 2008). The misdemeanor conviction in question is Williamson County cause number 23,045, from January 1989. Overman contends that the 1989 conviction is void because in that case he did not waive his right to jury trial in writing as required by statute. *See* Tex. Code Crim. Proc. Ann. art. 1.13 (West 2005). This contention is without merit. The violation of a mandatory statutory requirement, including the requirement that a jury waiver be in writing, is not cognizable on a writ of habeas corpus. *Ex parte McCain*, 67 S.W.3d 204, 210 (Tex. Crim. App. 2002); *Ex parte Sadberry*, 864 S.W.2d 541, 543 (Tex. Crim. App. 1993). Overman's reliance on *Chaouachi v. State*, 870 S.W.2d 88, 93-4 (Tex. App.—San Antonio 1993, no pet.), is misplaced because that case was a direct appeal, not a collateral attack by habeas corpus.

Finally, Overman asks the Court to rule on whether the statutory limitation on subsequent applications applies to a habeas corpus application he filed in the district court on May 20, 2008, and in which he also challenges the conviction in cause number 9193. *See* Tex. Code Crim. Proc. Ann. art. 11.072, § 9 (West 2005). Insofar as the record reflects, the district court has taken no action on the May 2008 application. We decline to issue an advisory opinion regarding a matter that remains pending in the trial court.

The appeal is dismissed for want of jurisdiction.

_____

Jan P. Patterson, Justice

Before Justices Patterson, Puryear and Pemberton

Dismissed for Want of Jurisdiction

Filed:  October 7, 2009

Do Not Publish